■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLEVELAND CLARKE, Appellant.— Appeal by defendant Clarke from a judgment of the County Court, Nassau County, rendered December 5, 1972, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and the facts, and indictment dismissed as to defendant Clarke. Defendant Clarke, along with a codefendant (Sanders), was convicted of robbery in the first degree. He and his codefendant had been charged with aiding and abetting one Edward Gladman, the actual perpetrator; and the sole evidence linking Clarke to the robbery was his own "admissions". In our view, this evidence was insufficient to establish Clarke's guilt of robbery as a principal. Clarke's admissions established only that he had given a gun to Sanders who, in Clarke's presence, then turned it over to Gladman, who Clarke and Sanders knew was going to use it in a robbery; and that after the robbery, and an ensuing homicide in which a police officer was killed, Clarke cut Gladman's hair in an effort to help him evade capture. It is indisputable that Clarke was never present during the actual commission of the robbery and it is not claimed that he ever shared in the robbery proceeds. Clearly, Clarke did intentionally render assistance to Gladman. However, to be criminally liable for the robbery itself, he must also be shown to have shared the same specific intent or mental culpability as Gladman, the actual perpetrator (Penal Law, § 20.00), and this was not done. The transfer of the weapon to Gladman, without more, is at best equivocal; and the subsequent cutting of Gladman's hair is of little or no probative value, since it was the intervening killing of a police officer and not the robbery which obviously gave rise to the extensive manhunt. In other words, while Clarke may be guilty of other crimes, such as criminal facilitation and hindering prosecution, the circumstantial evidence was not at all inconsistent with his innocence of the crime of robbery itself. If we were not dismissing the indictment, we would reverse and order a new trial, in the interests of justice, because of the trial court's refusal to charge criminal facilitation in the second degree (Penal Law, § 115.00) as a lesser included crime. Rabin, P. J., Munder, Martuscello, Latham and Christ, JJ., concur.