■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KENNETH MILLER, Appellant.— Judgment of the County Court, Westchester County, rendered November 13, 1972, affirmed. While we do not approve of the prosecutor's statements in summation that defense counsel had an obligation to her client to raise a reasonable doubt and that the jurors were sitting as " members of the government ", the trial court's charge to the jury effectively explained the burden of proof, the concept of reasonable doubt, and the role of the jury in the judicial process. In light of the curative charge and the overwhelming proof of defendant's guilt, the errors were harmless (CPL 470.05, subd. 1). Gulotta, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BENJAMIN MURCHISON, Appellant.— Judgment of the Supreme Court, Kings County, rendered January 26, 1973 on resentence, affirmed (*People* v. *Grebbin*, 29 N Y 2d 495, affg. 36 A D 2d 689). Shapiro, Acting P. J., Cohalan, Brennan, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VANCE SINCLAIR SANDERS, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered December 5, 1972, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Defendant, along with a codefendant (Clarke), was convicted of robbery in the first degree. They had been charged with aiding and abetting one Edward Gladman, the actual perpetrator of the robbery. As we noted in our decision on the codefendant's appeal (*People* v. *Clarke*, 43 A D 2d 834), the evidence presented at the trial could have supported a finding of guilt of the lesser included crime of criminal facilitation in the second degree (Penal Law, § 115.00). Under the circumstances, the trial court's failure to charge the jury on criminal facilitation in the second degree, despite defendant's request for such a charge, requires reversal and a new trial. Martuscello, Acting P. J., Latham, Shapiro, Cohalan and Brennan, JJ., concur.