John S. Lockman, J.
The defendant, by his attorney, applies to the court for an inspection by the court of the Grand Jury minutes and, upon such inspection, for a dismissal of the indictment on the ground that the evidence was not legally sufficient. (CPL 210.30.)
Under the indictment the defendant stands accused of an attempt to commit the crime of murder in the second degree (intentional, Penal Law, § 125.25, subd 1); an attempt to *309 commit the crime of murder in the second degree (felony murder, Penal Law, § 125.25, subd 3); attempted robbery in the first degree (two counts); attempted robbery in the second degree; assault in the first degree (during the commission or attempted commission of a felony, Penal Law, § 120.10, subd 4); criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. All eight counts arise out of the same incident.
The first count of the indictment charges the defendant, under an aiding and abetting theory, with attempting, with intent, to cause the death of another person. Considering all of the evidence presented to the Grand Jury, both direct and circumstantial, there is not legally sufficient evidence to establish that the defendant had the requisite intent to commit the crime charged. (People v Clarke, 43 AD2d 834.)
The second count essentially accuses the defendant of attempted felony murder. A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime. (Penal Law, § 110.00.) One cannot attempt felony murder. (People v Miller, 32 NY2d 157; People v Hassin, 48 AD2d 705.) Felony murder is an unintentional homicide in which the element of evil intent is transferred from the underlying felony to the killing thus justifying punishment for murder. (People v Nichols, 230 NY 221, 226-227; People v Enoch, 13 Wend 159, 174.) Since one who intended to commit "felony murder” would actually commit an intentional homicide, one cannot attempt felony murder.
Accordingly, the first and second counts are dismissed with leave to re-present the first count or criminal facilitation (Penal Law, § 115.00); People v Clarke, supra); to the same or another Grand Jury pursuant to CPL 210.20 (subd 4). Inasmuch as the only theoretically similar charge to attempted felony murder is assault in the first degree (during the commission or attempted commission of a felony, subdivision 4 of section 120.10 of the Penal Law) and that charge is already contained in the indictment, the motion to dismiss the second count is granted and the People’s application for leave to represent that count is denied. In all other respects the defendant’s motion is denied.