■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONEL CASTILLO, Appellant.—Judgment, Supreme Court, Bronx County, rendered June 21, 1976, convicting defendant of robbery, first degree, burglary, first degree, sexual abuse, first degree, and attempted burglary, second degree, and sentencing him to indeterminate concurrent prison terms of 6 to 8 years on the first and second counts, and 2 ⅓ to 7 years on the third and fourth counts, is unanimously modified, on the facts, and as a matter of discretion in the interest of justice, so as to reverse the convictions on the first, second and third counts of the indictment and dismiss those counts, vacate the sentence on the fourth count and the case remanded for resentence on said count; and the judgment is otherwise affirmed. According to the testimony, on August 27, 1975, at about 4:00 A.M., the defendant entered the apartment of Juanita B. where she was asleep. He placed scissors to her neck, fondled her breasts and vagina, spoke with her, took some money and left, all this in the course of about 10 minutes. The room was illuminated by street lights and a bathroom light. She told police that she could not identify her assailant, but that he was a Black teenager. She mentioned no accent. On August 29, 1975, at about 4:00 A.M., defendant was seen on the ledge outside the bathroom window of the B. apartment, trying to open it. Juanita B. did not see him, rather he was seen by her father and brother. The police were called and defendant apprehended and brought back to the B. apartment where he was identified by the father and brother as the man who tried to enter the apartment earlier. At the same time Juanita B., viewing defendant through a peephole, identified him as the man who assaulted her two days earlier. Defendant's convictions for robbery, burglary and sexual abuse rest solely on the identification testimony of Juanita B. Neither of the other prosecution witnesses testified that they saw the defendant on August 27. Although Miss B. testified at trial that she was absolutely certain that defendant was, in fact, her assailant, the reliability of her identification is brought into serious question because of its suggestiveness, and "a very substantial likelihood of irreparable misidentification." (Neil v Biggers, 409 US 188; Simmons v United States, 390 US 377, 384.) Miss B. had a very poor opportunity to observe her assailant on August 27, the only illumination coming from a bathroom light and from street lights. The contemporaneous police complaint form states that Miss B. would not be able to identify her assailant and did not want to view pictures of suspects. Miss B. also described her assailant as a Black teenager when in fact the defendant is a 28-year-old Guatemalan. Further, the assailant spoke

to Miss B. at length over a period of about 10 minutes. Yet, Miss B. made no mention of an Hispanic accent, whereas the defendant here had a marked Spanish accent, normally speaks Spanish, has difficulty using English, and required an interpreter in order to stand trial. The vagaries of eyewitness identification are well known, and the annals of criminal law are rife with instances of mistaken identity, and under all the circumstances, there exists a substantial possibility of misidentification leading inevitably to the creation of a reasonable doubt. Although this court expresses no opinion as to the sentence imposed on the fourth count, inasmuch as the court may have been influenced by the conviction on the first three counts in imposing sentence, the matter is remanded for resentencing in the exercise of the trial court's discretion. Concur—Lupiano, J. P., Birns and Evans, JJ.; Silverman, J., concurs in a memorandum as follows: The trial court denied defendant's application for a *Wade* hearing. It is not clear to me that a *Wade* hearing was called for here. The purpose of a *Wade* hearing is not to test the reliability of the identification; that is for the jury on the trial. The purpose of a *Wade* hearing is to determine whether the State has arranged an unduly suggestive identification procedure such that under the totality of the circumstances there is "a very substantial likelihood of irreparable misidentification." *(Simmons v United States,* 390 US 377, 384.) The facts in the present case lend themselves to the interpretation that there was no identification procedure with respect to the earlier robbery case (and related crimes) arranged for by the State or the police, but rather that on the occasion of the identification procedure with respect to the later burglary "The confrontation [with respect to the earlier robbery, etc.] was accidental and unplanned and the identification of the victim * * * spontaneous." *(Mock v Rose,* 472 F2d 619, 621.) In the argument on the motion, the Trial Judge said, apparently as his understanding of the defendant's attorney's contention, that Juanita B. "fortuitously was there." Our difficulty is compounded by the failure of the defendant's attorney, apparently acquiesced in by the District Attorney, to comply with the statutory requirement that a motion to suppress evidence "must be in writing" and "must state the ground or grounds of the motion and must contain sworn allegations of fact, whether of the defendant or of another person or persons, supporting such grounds" (CPL 710.60, subd 1), and with Supreme Court, New York and Bronx Counties rule 18 NYCRR 661.4 (c) (8) that "In all such applications [to suppress], where the right to the relief sought is based on questions of fact, a verified, unequivocal statement of the facts relied upon must be made." However, the disparity between Juanita B.'s description of her assailant and the defendant is so marked that I am inclined to the view that the conviction on the robbery charge and related counts is against the weight of the evidence or that there is a reasonable doubt as a matter of law. Accordingly, I concur in the dismissal of the first, second and third counts of the indictment.