■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WELDON WATKINS, Also Known as COLE, Also Known as COLEMAN, and CHRISTINE WATKINS, Appellants.—Appeals by defendants from two judgments (one as to each of them) of the Supreme Court, Suffolk County, both rendered June 22, 1977, convicting each of them of promoting gambling in the first degree and, in addition, convicting Christine Watkins of possession of gambling records in the first degree, upon a jury verdict, and imposing sentence. This appeal also brings up for review the denial of defendants' motions to suppress certain intercepted telephone conversations. Judgments affirmed and case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). The defendants, husband and

wife, were convicted on gambling charges and the evidence used to convict them came largely from a wiretap of the home telephone of Willie Clark. Most of the conversations used at the trial were between the defendants and, among other things, they claim that those communications were privileged and should be suppressed. The privilege between spouses set forth in CPLR 4502 (subd [b]) is a testimonial privilege that only prevents one spouse from testifying against the other at a trial. As such, it may well be that communications between spouses are not themselves "legally privileged" within the meaning of CPL 700.20 (subd 2, par [c]), which requires every application for an eavesdropping warrant to include "A statement that such communications [those to be intercepted] are not otherwise legally privileged" (cf. *Lanza v New York State Joint Legislative Committee on Govt. Operations,* 3 NY2d 92, cert den 355 US 856). If the conversations involved here are not "otherwise legally privileged", there are no grounds for suppression under CPLR 4506. We need not reach that issue to decide this case, for we agree with the trial court that "the privilege does not extend to communications between spouses in which they are jointly advancing a criminal conspiracy or aiding each other in the commission of an on-going crime" *(People v Watkins,* 89 Misc 2d 870, 874; see, also, *United States v Kahn,* 471 F2d 191, revd on other grounds 415 US 143). In this case, the conversations between the defendants all related to the management of the gambling operation in which both were involved. They were not had in reliance upon, nor were they induced by, the marital relationship. They were nothing more than exchanges between partners in crime discussing business matters of interest to the parties as criminals, not as spouses. The marital privilege does not protect exchanges except "those which would not have been made but for the absolute confidence in, and [those which were] induced by, the marital relationship" *(People v Melski,* 10 NY2d 78, 80). The defendants also contend that the conversations should be suppressed because the police intentionally failed to name them in the application for the eavesdropping warrant which allowed the interception of the communications used at the trial. The evidence indicates that the police knew that the defendants had a history of involvement in gambling activities and strongly suspected that the defendants were involved in the operation based at Clark's home when they applied for a warrant allowing them to tap Clark's home telephone. While they were not certain that conversations involving the defendants would be intercepted, one officer telephoned each of the defendants before the tap was installed to make sure that he would be able to identify their voices if they were overheard. The police obviously recognized the possibility that conversations involving at least one of the defendants would be intercepted. However, there is no proof that the authorities, at the time they applied for the warrant, (1) knew or suspected that they would intercept conversations between the defendants or (2) withheld the names of the defendants from the court so that it could not prevent them from intercepting arguably privileged exchanges. There is no reason to believe that the inclusion of the names of the defendants would have caused the court to reject the application for the warrant. The Court of Appeals has pointed out that suppression rules are not used to exclude evidence when the order authorizing the interception is valid *(People v Gnozzo,* 31 NY2d 134, 145). Under these circumstances, the reasoning of the Supreme Court of the United States in *United States v Donovan* (429 US 413, 435-437) is on point. Since the failure to include the defendants' names in the eavesdropping application was not a deliberate attempt to mislead the court, and since the exclusion of the names could not conceivably have

affected the issuance of the warrant itself, there are no grounds for suppressing the disputed conversations. The other arguments raised by the defendants are without merit. Titone, J. P., Suozzi, Margett and Hawkins, JJ., concur. [89 Misc 2d 870.]