■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BONNIE LEE GREEN, Appellant. — Appeal from a judgment of the County Court of Saratoga County, rendered December 20, 1979, upon a verdict convicting defendant of the crime of robbery in the first degree. As a result of the death by strangulation of Mose A. Brisbois on January 6, 1979 in the Village of Waterford, County of Saratoga, the defendant, her husband Daniel J. Green, and another couple, Michael J. Homsey and Rebecca Ann Cleveland, were indicted for three counts of murder in the second degree and for robbery in the first degree and burglary in the first degree as underlying felonies. The defendant was the only one tried for these crimes.[1] The extent of her participation is not seriously disputed. Prior to the commission of the crimes, the defendant, at what she claims was her husband's command, sewed together two hats to make him a face mask and a pair of gloves to cover an identifying tattoo on his right hand. She knew that this mask and the gloves were to be used by her husband to commit robberies in order to obtain money. On January 6, 1979, the defendant first accompanied the others to the home of a Mrs. Hobbs and not finding her at home, the defendant took the Social Security check that she found in the Hobbs' mailbox. It proved to be uncashable and was discarded. The participants met again that same day

---

[1] Green and Homsey pleaded guilty to manslaughter in the first degree and robbery in the first degree and each was sentenced to 8⅓ to 25 years; Rebecca Cleveland pleaded guilty to robbery in the first degree and was sentenced to 3⅓ to 10 years.

at about 3:00 P.M. and decided to rob Mose Brisbois by using the two women as decoys[2] to gain entrance to the house and when inside the women would pretend to have been molested by Brisbois, giving the men the opportunity to rescue them and requiring Brisbois to pay them money in exchange for their silence. Apparently, the defendant was fearful of this scheme and refused to participate. Therefore, the two men changed the plan and decided to go themselves to the Brisbois home and rob him, leaving the defendant and Rebecca Cleveland on a bridge located about two and one-half blocks from the Brisbois residence. The defendant, who had accompanied the others that far, waited there with Rebecca Cleveland until the crimes were completed. In the course of the robbery, Brisbois put up a struggle and was subdued by the use of force, struck with an iron bar and securely tied. After the defendant and Rebecca Cleveland had waited on the bridge about 20 minutes, the two men returned there, and the defendant was informed by her husband that Brisbois had resisted and had been tied up and that $4,220 had been taken from him. The defendant carried at least some of the money from the bridge and selected a friend of hers named Charity Ramundo to conceal it. For this service the defendant gave Charity $50. To the defendant's knowledge, her husband or she herself hid some more of the money under her jewelry box in their apartment and $25 was given to defendant's father because he was short of funds. During that evening the defendant made several calls on the telephone to the Brisbois home, but there was no answer. Inasmuch as the victim lived alone, no one aided him or discovered him until the following day when he was found, dead, by the defendant's sister, Eva La Fond, and Rebecca Cleveland, who had gone to his home to ascertain his condition. The defendant was arrested at about 5:30 P.M. on Monday, January 8, 1979, when she returned to her apartment. The defendant contended at trial that her participation as outlined above was compelled by her fear of her husband, a violent man, and that all during the preparation and perpetration of the crimes she tried to dissuade the others from committing them. On this appeal, the defendant urges principally that the trial court erred in its refusal upon her request to charge criminal facilitation in the fourth degree as a lesser included offense of the crimes charged. Pursuant to subdivision 1 of section 115.00 of the Penal Law, criminal facilitation in the fourth degree is committed when a person, believing it probable he is rendering aid to a person who intends to commit a crime, engages in conduct which provides such person with means or opportunity for the commission thereof and which, in fact, aids such person to commit a felony. The conduct proscribed by this section satisfies the statutory definition of a lesser included offense contained in CPL 1.20 (subd 37) when the defendant's conduct in the commission of the crimes is accessorial under section 20.00 of the Penal Law *(People v Sanders,* 45 AD2d 768; *People v Clarke,* 43 AD2d 834). Therefore, the trial court was required to charge criminal facilitation in the fourth degree if a reasonable view of the evidence would support a finding that the defendant committed the lesser offense but not the greater *(People v Henderson,* 49 AD2d 978, affd 41 NY2d 233). We conclude that the accessorial conduct of the defendant before, during and after the commission of the crimes of murder in the second degree, burglary in the first degree and robbery in the first degree by her husband and Homsey made her liable as a principal or as an accomplice *(People v Croley,* 42 AD2d 633) in the commission of these crimes pursuant to section 20.00 of the Penal Law, for "intentionally aiding *[sic]*" these men while

2 Rebecca Cleveland knew Brisbois and had cleaned his home on prior occasions and on at least one occasion brought the defendant there, and Brisbois had given the defendant a bottle of soda pop.

acting with the mental culpability required for the commission of the felony of robbery in the first degree. The admitted extent of the defendant's participation as set forth above, exceeded that required by subdivision 1 of section 115.00 of the Penal Law. Accordingly, no reasonable view of the evidence required the submission of criminal facilitation in the fourth degree to the jury as a lesser included offense of the defendant's accessorial conduct under section 20.00 of the Penal Law. Furthermore, no reasonable view of the evidence required the submission of lesser included crimes as to the murder in the second degree, robbery in the first degree and burglary in the first degree that were actually perpetrated by Daniel Green and Michael Homsey *(People v Shuman,* 37 NY2d 302). Therefore, the trial court correctly limited his instructions to the jury to a finding that the defendant was guilty if she "intentionally aided" the others by her conduct, or was not guilty if she did not so act. The sentence imposed on the defendant of not less than 3⅓ years nor more than 10 years was the same as that given to Rebecca Cleveland upon her plea of guilty to the same crime and was not unduly harsh or excessive in the circumstances. We have examined the defendant's other contentions and find them to be without merit. Judgment affirmed. Sweeney, J. P., Casey, Yesawich, Jr., Weiss and Herlihy, JJ., concur.