■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO MICHAEL CAMILLONI, Appellant. — Judgment unanimously modified, in accordance with memorandum and, as modified, affirmed and defendant remanded to Supreme Court, Erie County, for resentencing. Memorandum: The People conceded that neither assault in the second nor third degree is a lesser included offense of attempted robbery in the first degree, the crime for which defendant was indicted (see *People v Green,* 56 NY2d 427, 431). They argue, however, that the issue has not been preserved for appeal. We disagree that the error was not preserved by appropriate exception. However, had defendant not noted his exception to the flawed charge, the result would not change. "A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (*People v Harper,* 37 NY2d 96, 99). Defendant was entitled to have the jury consider only the crimes for which he was indicted and lesser included offenses properly contained therein. Assault in the second degree (Penal Law, § 120.05, subd 2) is not a lesser included offense of robbery in the first degree since it is possible to commit the latter without possessing the intent to injure, which is the gravamen of the former (see *People v Glover,* 57 NY2d 61). The indictment, insofar as is relevant to this appeal, conferred jurisdiction to render judgment on the charged crime, attempted robbery in the first degree, or lesser included offenses thereof. Assault in the second degree (Penal Law, § 120.05, subd 2), not being a lesser included

offense of attempted robbery in the first degree, was beyond the jurisdiction of the court (*People ex rel. Gray v Tekben*, 86 AD2d 176, affd 57 NY2d 651) and defendant's conviction for that crime must be reversed and the sentence vacated. Under the circumstances we also vacate the sentence imposed on the conviction for criminal possession of a weapon in the third degree and remit the matter to the trial court for resentencing. While we express no opinion as to the sentence imposed, the court may have been influenced by the conviction for assault in the second degree and should have the opportunity to exercise its discretion without that conviction (see *People v Cohen*, 50 NY2d 908, 910; *People v Castillo*, 62 AD2d 938, 939, revd on other grounds 47 NY2d 270). We have examined the defendant's remaining arguments on this appeal and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Celli, J. — assault, second degree, and another charge.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.