■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS DAVIS, Appellant. — Judgment unanimously reversed, on the law and facts, and sentence vacated. Memorandum: Defendant was indicted for the crimes of robbery in the third degree (Penal Law, § 160.05) and grand larceny in the third degree (Penal Law, § 155.30, subd 5). At the close of trial, defendant requested, over the People's objection, that the court charge the jury on assault in the third degree (Penal Law, § 120.00, subd 1) as a lesser included offense of robbery in the third degree. In its charge, the court instructed the jury to only consider the third degree grand larceny charge if it found defendant not guilty of robbery in the third degree and, further, that it should consider the third degree assault charge if it was not satisfied beyond a reasonable doubt that defendant committed the crime of third degree grand larceny. The jury failed to reach agreement on the robbery and grand larceny charges, but found defendant guilty of assault in the third degree. The court accepted the guilty verdict on the assault charge, declared a mistrial as to the robbery and grand larceny charges, and subsequently dismissed both the latter charges. Defendant contends that assault in the third degree is not a lesser included offense of robbery in the third degree and, hence, his conviction of assault in the third degree is jurisdictionally defective and must be reversed. The People concede that assault in the third degree is not a lesser included offense of robbery in the third degree (*People v Green,* 56 NY2d 427, 431) but argue that, since defendant requested the charge, he may not now claim the charge was improper. A defendant is "entitled to have the jury consider only the crimes for which he was indicted and lesser included offenses properly contained therein" (*People v Camilloni,* 92 AD2d 745). That defendant requested the charge is of no import; the improper submission of a noninclusory offense goes to the subject matter jurisdiction of the court and may not be waived by the accused (*People ex rel. Gray v Tekben,* 86 AD2d 176, 180, affd 57 NY2d 651). Thus, defendant's conviction for assault in the third degree must be reversed. Defendant may not be retried upon the original charges in the indictment. The court's charge was worded to make grand larceny in the third degree a lesser included offense of robbery in the third degree and assault in the third degree a lesser included offense of both the robbery and the grand larceny charges. Under these facts the jury's verdict of guilty on the third degree assault charge is tantamount to an acquittal on the robbery and grand larceny charges (CPL 300.50, subd 4). The fact that neither third degree grand larceny nor third degree assault is actually a lesser included offense of robbery in the third degree is not controlling; it is the jury's actual deliberative process which must be considered in determining whether its verdict of guilty on the assault charge constitutes an acquittal on the greater charges (cf. *People v Tucker,* 55 NY2d 1, 7-8). Here, the jury was explicitly instructed to only consider the third degree assault charge if it found defendant not guilty of the robbery charge and

if it was not satisfied beyond a reasonable doubt that defendant committed larceny in the third degree. The jury's verdict of guilty on the third degree assault charge was, thus, equivalent to an acquittal on the robbery and grand larceny charges and, accordingly, double jeopardy bars retrial on those charges. Further, the People have failed to appeal from the trial court's dismissal of the charges in the indictment and, since the dismissal of those charges did not adversely affect defendant, the People may not upon this appeal obtain a reinstatement of the charges in the indictment (CPL 470.15). We do not address defendant's remaining contentions. (Appeal from judgment of Supreme Court, Monroe County, Kennedy, J. — assault, third degree.) Present — Dillon, P. J., Doerr, Denman, Green and Moule, JJ.