THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. SUTTON, Also Known as CHARLIE CLOCKS, Appellant.

Second Department, March 5, 1984

**APPEARANCES OF COUNSEL**

*Block & Costa* (*Frederic Block* of counsel; *Joseph B. Gagliardo* on the brief), for appellant.

*Patrick Henry, District Attorney* (*Patricia Harrington* of counsel), for respondent.

GIBBONS, J. P.

■ This court has previously held that the submission to a jury of an alleged crime which is neither expressed in the accusatory instrument nor a lesser included offense to any charge in the accusatory instrument goes to the subject matter jurisdiction of the court, and an objection thereto may not be waived by the defendant (*People ex rel. Gray v Tekben,* 86 AD2d 176, affd 57 NY2d 651). In this case, we are called upon to decide, among other things, whether this principle applies when the defendant himself requests or consents to the submission, rather than merely refrains from voicing an objection. We conclude that the manner or form of the defendant's purported waiver is irrelevant and that a criminal defendant is powerless to confer on a court the authority to prosecute him for a crime without an appropriate accusatory instrument.

Defendant was indicted for the crime of scheme to defraud in the first degree (Penal Law, § 190.65), 15 counts of grand larceny in the third degree (Penal Law, § 155.30, subd 1), and 15 counts of altering a mileage registering device (General Business Law, § 392-e). Allegedly, defendant was part of an odometer roll-back scheme whereby he would reduce the mileage reading on the odometers of used cars which were being sold by various used car dealers.

At the conclusion of the trial testimony, the court found that the larceny counts were not established and, with the consent of the prosecutor and defense counsel, decided not to present those counts to the jury but instead to submit counts of criminal facilitation in the fourth degree (Penal Law, § 115.00) in their place as lesser included offenses. The jury found defendant guilty of scheme to defraud in the first degree, 10 counts of criminal facilitation in the fourth degree, and 11 counts of altering a mileage registering device.

The indictment charged defendant with 15 counts of grand larceny in the third degree under subdivision 1 of section 155.30 of the Penal Law, which states:

"A person is guilty of grand larceny in the third degree when he steals property and when:

"1. The value of the property exceeds two hundred fifty dollars".

As afore-stated, the court, as well as the respective trial counsel, considered that criminal facilitation in the fourth degree, under subdivision 1 of section 115.00 of the Penal Law, was a lesser included offense of the sort of grand larceny for which defendant was indicted. Subdivision 1 of section 115.00 of the Penal Law reads as follows:

"A person is guilty of criminal facilitation in the fourth degree when, believing it probable that he is rendering aid:

"1. to a person who intends to commit a crime, he engages in conduct which provides such person with means or opportunity for the commission thereof and which in fact aids such person to commit a felony".

The Court of Appeals has recently altered its interpretation of the statutory definition of a "lesser included offense" (CPL 1.20, subd 37). Previously, one was to examine the particular criminal transaction on which the prosecution was based (see, e.g., *People v Cionek,* 35 NY2d 924). Now, the rule is that a crime is not a lesser included offense unless "in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense" (*People v Glover,* 57 NY2d 61, 63). An abstract, comparative examination of the Penal Law definitions of the crimes is required (*People v Green,* 56 NY2d 427, 430-431; *People v Glover, supra,* p 64).

The People argue that because the charges against defendant of grand larceny were premised on allegations of acting in concert, or accessorial liability (Penal Law, § 20.00), the counts of criminal facilitation were properly submitted to the jury as lesser included offenses. This is an attractive argument, since criminal facilitation does involve a kind of accessorial conduct, differing from the concept of an accessory under section 20.00 of the Penal Law primarily with respect to the mental state required (see Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 20.00, pp 43-44; Penal Law, art 115, pp 322-323; cf. *People v Green, supra*). Not surprisingly, in cases decided before *Glover (supra)* it was held that criminal facilitation was a lesser included offense

of greater charges premised on accessorial conduct (see *People v Green,* 80 AD2d 693, 694; *People v Sanders,* 45 AD2d 768).

 There are two problems with the People's argument, both resulting from the *Glover* rule. First, the phrase "acting in concert" is not an essential element of the crime of grand larceny in the third degree (Penal Law, § 155.30, subd 1). While the concept of accessorial liability is reflected in the wording of the charges in the indictments, and thus, concerns the theory of the case as presented to the Grand Jury, the distinction between principal and accessory has no bearing on the definition of the crimes of grand larceny charged in the indictments (*People v Duncan,* 46 NY2d 74, 79-80; *People v Boyd,* 59 AD2d 558). Performing the abstract comparative analysis of the definitions of criminal facilitation in the fourth degree and grand larceny in the third degree that is required by *Glover* (*supra*), we are compelled to conclude that the former is not a lesser included offense of the latter (see *People v Cable,* 96 AD2d 251; *People v De Rosa,* 96 AD2d 762; *People v De Lorenzo,* 90 AD2d 999).

Second, even if it be assumed that when one is accused of "acting in concert" with others to commit a crime, the elements of the charged crime include the definition of accessorial liability found in section 20.00 of the Penal Law, nonetheless, criminal facilitation is not a lesser included offense. Accessorial liability in section 20.00 is defined as follows: "When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct." Under this definition, one could be an accessory to grand larceny by, for example, requesting or commanding another to steal without actually providing the "means or opportunity" (criminal facilitation) to accomplish the theft. It is thus possible to be an accessory without being a facilitator. Therefore, again, we must conclude that criminal facilitation in the fourth degree is not a lesser included offense of grand larceny in the third degree.

The People, citing CPL 300.50, argue that defendant waived objection to the presentment of criminal facilitation for the jury's consideration by consenting to the court's charge. In *People ex rel. Gray v Tekben* (86 AD2d 176, *supra*), a similar contention was made in a case wherein the defendant had not objected when the trial court improperly decided to consider assault in the third degree as a lesser included offense of assault in the second degree. This court, in an opinion by Justice DAMIANI, responded, as follows (pp 179-180):

"A criminal court acquires subject matter jurisdiction of the trial of a criminal action by the filing of an accusatory instrument (CPL 100.05, 10.20, 10.30). 'A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution' (*People v Harper,* 37 NY2d 96, 99; see, also, *People v McGuire,* 5 NY2d 523, 527; *People v Scott,* 3 NY2d 148, 152). In the underlying criminal case, the Supreme Court, Bronx County, obtained jurisdiction with the filing of an indictment charging defendant with the crime of assault in the second degree. That indictment only conferred jurisdiction to render judgment on the charged crime or lesser included offenses thereof (CPL 1.20, subd 37; 300.30, 300.40, 320.20, subd 5 [last sentence]).

"Judge CIPARICK rendered a verdict of acquittal of the crime for which defendant was indicted. She found petitioner not responsible by reason of mental disease or defect of a crime for which he had not been indicted and which was not a lesser included offense. She was without jurisdiction to render any verdict whatever on that latter charge (see *People v Strawder,* 78 AD2d 810).

"The respondent on this appeal, citing CPL 300.50, argues that petitioner waived objection to consideration of assault in the third degree by failing to object when Judge CIPARICK announced that she would do so. We construe the waiver provision contained in that section to apply to the sentence which immediately precedes it and to refer only to error by the court in submitting a lesser included offense which is not supported by legally sufficient trial evidence. It does not apply to the improper submission of noninclusory offenses since subject matter jurisdiction of the court

may not be waived by the accused (see *People v Nicometi,* 12 NY2d 428, 430-431; *People v Scott,* 3 NY2d 148, 153, *supra; People v Harper,* 37 NY2d 96, *supra).*"

The Court of Appeals affirmed, stating that "[p]etitioner's detention is premised on an invalid verdict and is, therefore, unlawful" (57 NY2d 651, 653, *supra).*

The holding and language in *Gray (supra)* appear straightforward and unequivocal, leading inexorably to a conclusion that the convictions of criminal facilitation in this case are invalid (see *People v Fischer,* 94 AD2d 706). However, the circumstance of a defendant requesting or consenting to an improper submission of an uncharged crime, rather than merely neglecting to voice an objection, gives us pause and suggests that a close look at the principles enunciated in *Gray* is again warranted. Furthermore, we note that while our colleagues in both the First and Fourth Departments have followed *Gray* in cases where the defendants raised no objection (see *People v Camilloni,* 92 AD2d 745; *People v Ford,* 91 AD2d 589), the same two departments have disagreed with each other in cases where the defendants requested the submission of what were, in fact, not lesser included offenses to crimes alleged in the accusatory instruments. Thus, the Fourth Department has held that *Gray* is applicable in such an instance, the fact that the defendant requested the charge being "of no import" (*People v Davis,* 96 AD2d 748). The First Department, on the other hand, has held that a conviction in such circumstances is valid since, "[w]hen 'the error in the charge was * * * committed at the request of defendant, he [defendant] certainly should not be permitted to complain'" (*People v Williams,* 95 AD2d 726, quoting from *People v Hille,* 42 AD2d 881, 882).

As so well described by Justice DAMIANI in *Gray (supra),* a lack of subject matter jurisdiction is a basic defect which cannot be waived by a defendant, and such jurisdiction requires for its establishment a valid and sufficient accusatory instrument (see *People v Case,* 42 NY2d 98; *People v Scott,* 3 NY2d 148). Among other things, such a formal document is considered "the necessary method of providing the defendant with fair notice of the accusations made against him" (*People v Iannone,* 45 NY2d 589, 594). Its

necessity obviously has due process overtones. Moreover, it is explicitly required by that portion of section 6 of article I of our State Constitution which states: "In any trial in any court whatever the party accused * * * shall be informed of the nature and cause of the accusation" (see *People v Iannone, supra,* p 594).

While the requirement of a formal accusation is a necessity in all criminal cases, particular reference to accusations of a felonious nature is made in another portion of section 6 of article I of the New York State Constitution. It provides: "No person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury, except that a person held for the action of a grand jury upon a charge for such an offense, other than one punishable by death or life imprisonment, with the consent of the district attorney, may waive indictment by a grand jury and consent to be prosecuted on an information filed by the district attorney; such waiver shall be evidenced by written instrument signed by the defendant in open court in the presence of his counsel." Thus, not only does our Constitution require a formal accusatory instrument in all cases, it specifies the type of instruments which may be used with respect to "infamous crimes". The latter provision is codified in CPL 210.05.

The provision in section 6 of article I of the Constitution providing for a waiver of an indictment in certain cases, and the use of an information in its stead, became effective on January 1, 1974, and was passed in response to the decision of the Court of Appeals in *Matter of Simonson v Cahn* (27 NY2d 1) (see Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 195.10, p 380). Prior to this constitutional amendment allowing for what is now known as a superior court information (CPL 1.20, subd 3-a), under no circumstances was it possible to be prosecuted "For a capital or otherwise infamous crime * * * unless on indictment of a grand jury" (NY Const, art I, § 6). In *Simonson (supra),* the defendant waived presentment of a felony accusation to the Grand Jury and consented to prosecution on a felony information. The Court of Appeals reaffirmed its previous decision, made in the case of *People ex rel. Battista v Christian* (249 NY 314), and held

in unequivocal terms that indictment by a Grand Jury in felony cases is a fundamental public right imbedded in our Constitution, and not merely a personal privilege of the defendant which is subject to his waiver.

In *People ex rel. Battista v Christian (supra)*, the defendant was accused of burglary. Prior to being indicted, he petitioned the court to be prosecuted by information, rather than by indictment. This procedure was authorized by section 222 of the Code of Criminal Procedure. The petition was granted, and the defendant subsequently pleaded guilty to the information. The Court of Appeals held that section 222 of the Code of Criminal Procedure was in direct conflict with the constitutional provision requiring "infamous crimes" to be prosecuted by indictment, and the information charging the defendant with a felony was therefore a nullity.

*Simonson* and *Battista (supra)* stand for the proposition that prosecution of a "capital or otherwise infamous crime" (i.e., a felony) by indictment is a *fundamental public right,* jurisdictional in nature, and is nonwaivable in the absence of a constitutional provision allowing for it. There is now such a constitutional provision, allowing for a waiver of an indictment in limited situations, where done in open court and in writing, and the employment, instead, of a superior court information (see *People v Calbud, Inc.,* 49 NY2d 389, 395, n 3; CPL art 195). However, *Simonson* and *Battista* still represent the law in this State, to which only the "single exception" of section 6 of article I applies (*People v Iannone,* 45 NY2d 589, 593, n 4, *supra; People v Sledge,* 90 AD2d 588).

In light of *Battista (supra)* and the holding that the waiver procedure in section 222 of the Code of Criminal Procedure was unconstitutional, it is not surprising that in *Gray (supra)* we interpreted the waiver provision of CPL 300.50 to apply only to errors "in submitting a lesser included offense which is not supported by legally sufficient trial evidence" (*People ex rel. Gray v Tekben,* 86 AD2d 176, 179, *supra*). A broader interpretation of that provision so as to make it applicable to instances where the submitted offenses were not lesser included would render it unconstitutional (cf. *People v Ceballos,* 98 AD2d 475).

In the context of misdemeanors presented in local criminal courts, statute provides that generally the type of accusatory instrument to be used is the information (CPL 100.10, subd 1; 170.65, subd 1). The general rule is that the right to be accused by an information is nonwaivable (*People v Scott,* 3 NY2d 148, *supra*). The only exception, also established by statute, is that a defendant accused in a local criminal court may waive his right to an information and be prosecuted by a misdemeanor complaint instead, provided the waiver is knowingly and intelligently made (CPL 170.65, subd 3). A misdemeanor complaint is also an accusatory instrument (CPL 1.20, subd 1; 100.10, subd 4). Where there is a prosecution by a misdemeanor complaint and an unsatisfactory waiver of the right to an information, a conviction is of no effect (*People v Weinberg,* 34 NY2d 429). Similarly, the defect created by a substantively insufficient information may not be waived (*People v Case,* 42 NY2d 98, *supra*).

In brief summary, then, a defendant in any court must be prosecuted on a valid and sufficient accusatory instrument (NY Const, art I, § 6). In the case of felonies, the instrument must be an indictment or, in appropriate circumstances, a superior court information (NY Const, art I, § 6). In the case of misdemeanors prosecuted in local criminal courts, an information is required, although, again in appropriate circumstances, a misdemeanor complaint may act as a substitute (CPL 100.10, subd 1; 170.65). Where a misdemeanor is prosecuted in a superior court, an indictment or a superior court information is necessary for there to be jurisdiction (CPL 210.05). The right to an appropriate accusatory instrument is a nonwaivable fundamental right, whatever the court and whether the crime is a felony or a misdemeanor (*People v Scott,* 3 NY2d 148, 153, *supra* [misdemeanors]; *People ex rel. Battista v Christian,* 249 NY 314, 318, *supra* [felonies]).

■ In the case at bar, defendant was convicted in a superior court of 10 counts of criminal facilitation in the fourth degree, that crime being a misdemeanor (Penal Law, § 115.00, subd 1). Defendant was never indicted for criminal facilitation, nor was he formally charged with these crimes by superior court information or otherwise.

As already shown, the counts of criminal facilitation were not lesser included to any charges that he was formally accused of. While defendant may have consented to their presentment to the jury, that is of no moment; the fact remains that the court was without jurisdiction to consider criminal facilitation. In *Simonson* and *Battista* (*supra*) the defendants consented and even requested prosecution by improper methods; the Court of Appeals held that the convictions entered thereupon were invalid. Obviously, the Court of Appeals was not impressed with the fact that in those cases the defendants had done more than simply refrain from entering an objection. This case even goes beyond *Simonson* and *Battista* insofar as here it is not a matter of an accusatory instrument being in an improper form but, rather, an absence of *any* accusatory instrument charging criminal facilitation. A fortiori, defendant's consent cannot remedy this prosecutorial defect.

Our colleagues in the First Department, when faced with an instance where the defendant requested a submission to a jury of what was not a lesser included offense, were apparently troubled by the "conceptual problem" of having to set aside a verdict when the error was created, in effect, at the defendant's behest (*People v Williams*, 95 AD2d 726, 727, *supra* [concurring opn by SANDLER, J.]). In our view there is no conceptual problem. It is our Constitution that establishes the right to an accusatory instrument as a nonwaivable fundamental public right, going to the subject matter jurisdiction of the court. The Court of Appeals has fairly recently summed up how the law treats a purported waiver in situations like the one here: "There is one very narrow exception to the requirement of a timely objection. *A defendant in a criminal case cannot waive, or even consent to, error that would affect the organization of the court or the mode of proceedings proscribed by law. (Can-cemi v People*, 18 NY 128, 138; *People ex rel. Battista. v Christian*, 249 NY 314, 319.) In *Cancemi*, it was held that a defendant could not consent to being tried by a jury of less than 12 members. In *People ex rel. Battista v Christian* (*supra*), the court ruled that an information charging a defendant with an 'infamous' crime was a nullity, despite defendant's consent, where the State Constitution provided

that infamous crimes could be prosecuted only by Grand Jury indictment. *Thus, the rule has come down to us that where the court had no jurisdiction,* or where the right to trial by jury was disregarded, *or where there was a fundamental, nonwaivable defect in the mode of procedure, then an appellate court must reverse, even though the question was not formally raised below.* (*People v Bradner,* 107 NY 1, 4-5; see *People v Miles,* 289 NY 360, 363-364.)" (*People v Patterson,* 39 NY2d 288, 295; emphasis supplied.)

While not perceiving a conceptual problem, we are, nonetheless, sensitive to the practical problem of insuring that the existence of the fundamental right to an accusatory instrument not be exploited by defendants who would seek to have inappropriate lesser charges presented to a jury. However, the solution to this problem lies in the vigilance of a knowledgeable judiciary and criminal bar and not in the erasure of vital provisions imbedded in our Constitution, statutes and decisional law. We note that in this case the trial was held less than one month after the Court of Appeals decision in *People v Glover* (57 NY2d 61, *supra*). In that circumstance, it is very possible that neither the Trial Judge nor the participating attorneys were aware of the *Glover* holding. Therefore, it is not surprising that the error in presenting criminal facilitation to the jury occurred with everyone's acquiescence.

Finally, we note that we have considered the other contentions raised on appeal by defendant and find them to be without merit. Accordingly, the judgment should be modified by vacating therein the convictions for criminal facilitation in the fourth degree. The counts of grand larceny in the third degree, which are set forth in the indictments, should be dismissed (see *People v Mayo,* 48 NY2d 245). In all other respects, the judgment should be affirmed.

THOMPSON, NIEHOFF and RUBIN, JJ., concur.

Judgment of the Supreme Court, Suffolk County, rendered September 20, 1982, modified, on the law, by vacating the convictions for criminal facilitation in the fourth degree and the sentences imposed thereon and the counts of grand larceny in the third degree are dismissed. As so

modified, judgment affirmed and matter remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5).