FOURTH DEPARTMENT, APRIL, 1984

(April 12, 1984)*

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD J. STARLING, Appellant. — Judgment unanimously modified and, as modified, affirmed, in accordance with the following memorandum: We reject defendant's argument that the evidence of "physical injury" (Penal Law, § 10.00, subd 9) inflicted on the complainant police officer was insufficient to support defendant's conviction for assault, second degree (Penal Law, § 120.05, subd 3). The testimony and a photograph admitted into evidence established that the blow inflicted on the officer resulted in a bleeding laceration approximately one inch long under his eye requiring medical attention. The officer testified that the blow "stunned" him, caused him to experience "substantial pain", and resulted in his missing five days of work. This case is distinguishable from *Matter of Philip A.* (49 NY2d 198), relied upon by defendant, in which the injury complained of was a slap which caused pain (the degree of which was not spelled out) and a red mark but no laceration and no swelling.

The indictment charged two crimes (assault, second degree, and resisting arrest). Defense counsel requested that another count of resisting arrest be submitted as a lesser included offense of assault, second degree. However, the court submitted it to the jury not as a lesser included offense but as a separate crime, and the jury returned guilty verdicts for all three crimes (assault, second degree, and two counts of resisting arrest). This was error. A defendant is "entitled to have the jury consider only the crimes for which he was indicted and lesser included offenses properly contained therein" (*People v Camilloni*, 92 AD2d 745; see *People v Davis*, 96 AD2d 748). The conviction on the count of resisting arrest not charged in the indictment is hereby reversed and the sentence is vacated. There is no basis for reversal of the

---

* This is the complete text of the decision of April 12, 1984 incompletely published at 101 AD2d 704. [Rep

conviction for assault, second degree, on the ground that the court did not charge resisting arrest as a lesser included offense as requested. On the facts of this case resisting arrest is not a lesser included offense of assault, second degree (see, generally, *People v Glover,* 57 NY2d 61, 63). (Appeal from judgment of Supreme Court, Monroe County, Pine, J. — assault, second degree, and another charge.) Present — Hancock, Jr., J. P., Callahan, Denman, O'Donnell and Moule, JJ.