■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WEISSINGER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered October 26, 1983, convicting him of four counts of criminal facilitation in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed and matter remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5).

Pursuant to defense counsel's request, the trial court charged criminal facilitation in the fourth degree as a lesser included offense of grand larceny in the second degree and attempted grand larceny in the second degree. Defendant was ultimately found guilty of four counts of criminal facilitation in the fourth degree and acquitted of all other charges. Defendant now argues, as he did on his motion to set aside the verdict, that criminal facilitation in the fourth degree is not a lesser included offense of grand larceny in the second degree and attempted grand larceny in the second degree and that the defect in erroneously charging such a request is nonwaivable inasmuch as it goes to the court's subject matter jurisdiction. Criminal term resolved both issues against defendant (*People v Wessinger,* 121 Misc 2d 818). Because defendant effectively waived any error in the submission of the charge of criminal facilitation in the fourth degree to the jury, we affirm.

A comparative evaluation of the two operative statutes, grand larceny in the second degree (Penal Law, § 155.35) and criminal facilitation in the fourth degree (Penal Law, § 115.00, subd 1), reveals that the latter is not a lesser included offense of the former because it is theoretically possible for a person to commit the crime of grand larceny in the second degree without intending to aid anyone else in the commission of a felony (see *People v Glover,* 57 NY2d 61).

Nor does the fact that the charges of grand larceny were grounded on a theory of accessorial liability (Penal Law, § 20.00) render criminal facilitation in the fourth degree a lesser included offense of grand larceny in the second degree. The phrase

"acting in concert" is not an essential element of the crime of grand larceny in the second degree (see *People v Sutton,* 99 AD2d 361, 364). Moreover, assuming, *arguendo,* that the definition of accessorial liability contained in section 20.00 of the Penal Law could be grafted onto the elements of grand larceny in the second degree, the crime of criminal facilitation would still not qualify as a lesser included offense. As we recently noted in similar circumstances, under the definition of accessorial liability, "one could be an accessory to grand larceny by, for example, requesting or commanding another to steal without actually providing the 'means or opportunity' (criminal facilitation) to accomplish the theft. It is thus possible to be an accessory without being a facilitator" (*People v Sutton, supra,* p 364). Hence, criminal facilitation in the fourth degree is not a lesser included offense of either grand larceny in the second degree or attempted grand larceny in the second degree and the crime should not have been submitted to the jury as a lesser included offense.

However, defendant waived any objection to the error in submission by requesting the "down charge". It is true that at one time we would have viewed such an error as jurisdictional in nature based primarily upon *People ex rel. Gray v Tekben* (86 AD2d 176, 179, affd 57 NY2d 651) (see, e.g., *People v McFadden,* 100 AD2d 520; *People v Sutton, supra*). But the Court of Appeals has since made clear that "[i]f there is any error in the submission or consideration of lesser included offenses — including specifically the failure of the crime to meet the 'theoretical impossibility' test of *Glover* — CPL 300.50 (subd 1) provides that it is waived by the defendant unless timely objection is made" (*People v Ford,* 62 NY2d 275, 281). Simply put, an error of this sort is not jurisdictional (*People v Ford, supra,* p 285).

In *Ford,* the Court of Appeals expressly advised that its affirmance in *People ex rel. Gray* did not reach the waiver issue and that to the extent this court's determination of the waiver issue in *Gray* was inconsistent with the *Ford* holding, our holding should not be followed (*People v Ford, supra,* p 281, n, but see concurring memorandum of Chief Judge Cooke to the effect that the *Ford* decision "should be viewed as overruling *Gray*", p 284). Accordingly, defendant has waived any objection to the submission of criminal facilitation in the fourth degree as a lesser included offense of grand larceny in the second degree and attempted grand larceny in the second degree.

We have also reviewed the sentence imposed and find it was neither an abuse of discretion nor does it warrant the substitution of our discretion (*People v Suitte,* 90 AD2d 80). Thompson, J. P., Weinstein, Brown and Boyers, JJ., concur.