■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL TAPIA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Hentel, J.), rendered February 26, 1982, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

After the arrest of defendant, who spoke only Spanish, he had a conversation with an Assistant District Attorney with the aid of an interpreter. That conversation, including the interpreter's translations, was tape recorded. The tape was played for the jury during trial, and the jury was provided with copies of a transcript to use as an aid in following the tape. During deliberation, the jury requested the transcript, but declined the court's offer to rehear the tape itself. The Judge complied with the request, over defense counsel's objection, and defendant now urges that we hold this to be reversible error. We decline to do so.

A jury may use a transcript as an aid to understanding a tape-recorded conversation when there is sufficient proof as to the accuracy of the transcript (see, People v Kuss, 81 AD2d 427). The admissibility of such a transcript is generally left to the sound discretion of the Trial Judge (People v Kuss, supra, at p 429; see also, People v Lubow, 29 NY2d 58). In this case, the court went to great lengths to establish the accuracy of the transcript. Numerous in camera proceedings were held in which the court, together with an official court interpreter, reviewed every word of the transcript, carefully comparing it to the recorded conversation contained on the tape. The court, still proceeding in camera, individually played the tape in its entirety for both the detective and the Assistant District Attorney, who were present at the time the tape was made. Each testified that they recognized their own voices on the tape as well as the voices of the other individuals who were present. They stated that the tape was completely audible, that there was no background noise, stops or gaps detectible in the tape, and that the tape was a fair and accurate representation of defendant's interrogation. After the court certified the transcript as accurate, the jury was permitted to hear the tape and utilize the transcript. It is also noteworthy that at a subsequent point when defense counsel informed the court that he believed that there were a couple of mistranslations in the tape which were reflected in the transcript, the court again held an in camera proceeding, reviewed the tape, corrected the transcript to the satisfaction of defense counsel, and informed the jury of the corrections. None of the corrections changed the gist of the original translation.

As the accuracy of the transcript was sufficiently established, there is no reason to disturb the trial court's exercise of discretion in permitting the jury to utilize it. This is especially so considering that even on this appeal, defense

counsel does not contest the accuracy. Defendant suffered no prejudice as a result of the jury utilizing only the transcript in its deliberations. As defendant was questioned and responded in the Spanish language, the jury, in any event, had to rely upon a translation of his statements. We therefore find no error in the court's rulings with respect to the transcript.

We also reject defendant's claim that the court's charge was improper. Having been charged solely with one count of murder in the second degree, it was not error for the court to refuse to charge the jury as to the elements of criminal facilitation in the first degree. This latter offense is not a lesser included offense of murder in the second degree *(see, People v Glover,* 57 NY2d 61; *People v Sutton,* 99 AD2d 361, *vacated on other grounds* 104 AD2d 1057; *People v Weissinger,* 104 AD2d 917).

Furthermore, we find that the testimony of defendant's accomplice was amply corroborated as required by statute (CPL 60.22 [1]; *see, People v Hudson,* 51 NY2d 233; *People v Cunningham,* 48 NY2d 938).

The other contentions raised by defendant have been examined and found to be without merit. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.