■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD L. NAYLOR, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of second degree assault and related crimes for striking an acquaintance on the head with a pool cue. Defendant's primary claim is that the trial court violated his marital privilege of confidential communication *(see,* CPLR 4502 [b]; CPL 60.10) in permitting defendant's wife to testify about conversations she had with defendant in which defendant, by threats of force, attempted to enlist her support in a criminal scheme that resulted in the assault. We disagree. The privilege does not apply because the statements were not made out of affection, confidence or loyalty in the marital relationship *(see, People v Fediuk,* 66 NY2d 881), but rather were made by threats and in pursuit of a criminal enterprise *(see, People v Dudley,* 24 NY2d 410, 414-415; *People v Melski,* 10 NY2d 78, 81; *Poppe v Poppe,* 3 NY2d 312, 316-317; *People v Watkins,* 63 AD2d 1033, 1034, *cert denied* 439 US 984).

Defendant's claim that the pool cue was not a dangerous instrument within the meaning of the second degree assault statute (Penal Law § 120.05 [2]) clearly is without merit. The pool cue, under the circumstances in which it was used, was readily capable of causing death or other serious physical injury *(see,* Penal Law § 10.00 [13]; *People v Carter,* 53 NY2d 113; *People v Ozarowski,* 38 NY2d 481, 491, n 3; *People v Davis,* 96 AD2d 680, 681). Moreover, the two-inch head laceration the victim received was a physical injury sufficient to sustain defendant's conviction for second degree assault *(see,* Penal Law § 10.00 [9]; *People v Rojas,* 61 NY2d 726; *People v Starling,* 101 AD2d 704; *People v Chesebro,* 94 AD2d 897).

We have considered each of defendant's remaining claims and find that none requires reversal. (Appeal from judgment of Yates County Court, Dugan, J.—assault, second degree, and other offenses.) Present—Dillon, P. J., Callahan, Boomer, Green and Schnepp, JJ.