■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS SIMPSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Aldrich, J.), rendered July 30, 1981, convicting him of criminal facilitation in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the County Court, Westchester County, to hear and report in accordance herewith, and the appeal is held in abeyance in the interim. The County Court, Westchester County, is to file its report with all convenient speed.

The defendant contends that this court cannot properly review his conviction because the transcripts of the court's charge to the jury and the defendant's requests thereto are missing.

Since the defendant was not indicted for criminal facilitation in the fourth degree, the only crime of which he was convicted, it had to have been charged as a lesser included offense. However, a comparative evaluation of the two operative statutes, rape in the first degree (see, Penal Law § 130.35) and criminal facilitation in the fourth degree (see, Penal Law § 115.00 [1]) reveals that the latter crime is not a lesser included offense of the former. It is theoretically possible to commit rape in the first degree without intending to aid anyone else in the commission of a felony (see, People v Glover, 57 NY2d 61; People v Weissinger, 104 AD2d 917).

It is error for the trial court to consider or submit to the jury a lesser crime arising out of the same criminal transaction as an indicted crime that is not, in fact, a lesser included offense, unless the defendant, by acquiescing in or affirmatively requesting the lesser charge, waives his right to complain of the trial court's error (see, People v Ford, 62 NY2d 275). Although the prosecution contends that the defendant

requested the charge of criminal facilitation in the fourth degree, we cannot conclusively ascertain from the record whether he did. Accordingly, under the circumstances, we find it appropriate to remit the matter to the County Court, Westchester County, for a hearing to determine whether the defendant requested or acquiesced in the lesser charge. The appeal will be held in abeyance in the interim pending receipt of the trial court's report. Brown, J. P., Rosenblatt, Miller and Ritter, JJ., concur.