People v Bonie (2025 NY Slip Op 02419)

People v Bonie

2025 NY Slip Op 02419

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, O'Neill Levy, Michael, JJ. 

Ind No. 1431/14|Appeal No. 4198-4198A|Case No. 2016-01072 2024-00242|

[*1]The People of the State of New York, Respondent,
v
Nasean Bonie, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J., at hearing; Nicholas Iacovetta, J., at trial and sentencing), rendered August 11, 2016, convicting defendant of manslaughter in the first degree, and sentencing him to a term of 25 years, and order, same court (Judith Lieb, J.), entered on or about July 5, 2023, which denied defendant's CPL 440.10 motion to vacate judgment, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]). There is no basis for disturbing the jury's credibility determinations. While no witness actually saw defendant kill the victim, several neighbors recounted his public threats to kill her, and shortly thereafter, the upstairs neighbor saw defendant placing the victim in a chokehold. The fractures on the victim's skull were sufficient to establish, at the very least, the requisite intent to cause serious physical injury. Defendant's subsequent actions of cleaning his basement with a large quantity of cleaning supplies and loading a large, heavy garbage pail and garbage bags into his trunk that night, also supported the inference that he killed the victim and then removed her body from the premises. That evidence was supplemented by his admissions to two acquaintances that he had killed the victim, and cumulatively, provided overwhelming evidence of his guilt.
We find that defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). At the CPL 440.10 hearing, trial counsel explained his decision to concede the identity of the skeletal remains as being the victim. Although he did not consult a forensic dental expert regarding the forensic dental report, the DNA report also provided strong evidence that the remains were those of the victim. Furthermore, any challenge to the identification of the remains would have sacrificed his own credibility with the jury.
The court also properly denied his motion to vacate the conviction on the ground that his trial counsel was ineffective in failing to challenge the admission of cell site location information obtained without a warrant (see People v White, 189 AD3d 634, 635 [1st Dept 2020], lv denied 36 NY3d 1101 [2021]). The trial occurred before the United States Supreme Court decided Carpenter v United States (585 US 296 [2018]), and it was objectively reasonable for counsel to rely on then-applicable precedent from this Court which rendered the cell site information admissible (see People v Hall, 86 AD3d 450, 451-452 [1st Dept 2011], lv denied 19 NY3d 961 [2012], cert denied 568 US 1163 [2013]). Nor did the admission of the cell site information deprive defendant of a fair trial or affect the outcome.
The court providently exercised its discretion in discharging a sworn juror. The [*2]court conducted a suitable inquiry, and concluded, based on the juror's body language, demeanor, and facial expressions, that his answers regarding his interactions with a member of defendant's family, who was his former high school teacher, were "not truthful." That finding, which was supported by the record, established that the juror was "grossly unqualified" to serve and that he engaged in substantial misconduct (see People v Buford, 69 NY2d 290, 299 [1987]).The court further found the juror engaged in substantial misconduct by being present with defendant's family, and failing to bring that fact to the court's attention (see People v De La Rosa, 233 AD2d 257 [1st Dept 1996], lv denied 89 NY2d 942 [1997]).
The court providently exercised its discretion in permitting defendant to ask a police witness about allegations against him in an unrelated civil lawsuit claiming a knowingly false arrest, while precluding inquiry of that same witness about allegations against a non-testifying prosecutor (see People v Smith, 27 NY3d 652, 662 [2016]; People v Rivera, 235 AD3d 436 [1st Dept 2025]). In any event, defendant's claim is academic, since the underlying civil lawsuit was dismissed upon defendants' motion for summary judgment, with a finding that none of the evidence supported a finding of improper conduct by either the police witness or the prosecutor.
The court providently determined that defendant's statement to his soon-to-be ex-wife was not privileged. The spousal privilege (see CPLR 4502[b]; CPL 60.10) attaches only to those statements made in confidence and "that are induced by the marital relationship and prompted by the affection, confidence and loyalty engendered by such relationship" (People v Fediuk, 66 NY2d 881, 883 [1985]; Poppe v Poppe, 3 NY2d 312, 314-315 [1957]). Defendant's brutal attack on his ex-wife, the threatening nature of his communications with her, and his references to finalizing their divorce, as well as the substance of the communication, established that he was not relying upon the marital relationship in asking her to help mislead the police (see People v Dudley, 24 NY2d 410, 413-414 [1969]). Further, the communication was intended to induce his ex-wife to commit the crimes of hindering prosecution and falsely reporting an incident. The spousal privilege does not extend to statements meant to advance a conspiracy to commit or cover up a crime (see People v Watkins, 63 AD2d 1033, 1034 [2d Dept 1978], lv denied 45 NY2d 785 [1978], cert denied 439 US 984 [1978]). Finally, the communication was not confidential, as its substance was necessarily communicated to defendant's mother, who participated in the attempt to mislead the police (see Matter of Vanderbilt [Rosner-Hickey], 57 NY2d 66, 74 [1982]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025