■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY WILLIAM LISK, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered January 29, 1979, upon a verdict convicting defendant of the crime of robbery in the third degree. Defendant was convicted by a jury of robbery in the third degree in violation of section 160.05 of the Penal Law. The defendant was the driver of a white Mustang which picked up two men, Hazelton and Simmons, who had held up the motel clerk at the Holiday Inn in Vestal, New York, at about 1:00 A.M., Monday, July 13, 1978. The defendant was found to have aided and abetted the two men in the perpetration of the armed robbery. On appeal, defendant contends that it was reversible error to admit into evidence testimony as to the defendant's involvement in two other uncharged crimes occurring in close proximity, both as to time and distance, to the crime under consideration. At issue at this trial was the state of mind of the defendant, that is, whether he knew that the two other men had intended to commit a robbery in the Holiday Inn in Vestal and whether he knowingly acted as the driver

of the get-a-way car to assist them in the robbery. It was in this posture of the trial that the court admitted testimony concerning the prior robberies. As a general rule prior uncharged crimes of a defendant are inadmissible at trial. Among the exceptions to this general proposition is proof relevant to the defendant's state of mind *(People v Molineaux,* 168 NY 264, 293). It is conceded in this trial that defendant's state of mind was in issue. His guilt could only be established if the element of "guilty knowledge" were proven. He contends that the circumstantial evidence of his participation in the prior crimes, being inferential in nature, was so low in probative value that it should have been excluded because of its prejudicial effect. We disagree. Circumstantial evidence is competent so long as it is of such quality that it leads logically and irrevocably to the conclusion sought to be established. We conclude that the evidence of prior crimes taken together with the totality of the proof demonstrated defendant's involvement in a pattern of conduct under circumstances which would render his lack of knowledge to be incredible. The record bears overwhelming evidence of complicity in the crime charged on the part of the defendant. Judgment affirmed. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.