■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL L. CHAVIS, Appellant. — Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered March 20, 1981, upon a verdict convicting defendant of the crime of robbery in the second degree. Shortly after 3:00 P.M. on Friday, November 21, 1980, two men held up the Marine Midland Bank located at One Marine Midland Plaza in the City of Binghamton, Broome County. A witness, William Wega, saw the men run out of the bank, drop some of the money, jump into a gold 1972 or 1973 Ford Torino, and speed away. Another individual was able to record the license number of the vehicle. Sergeant Wayne Hague of the Vestal Town Police was on duty when, around

3:30 P.M., he received a report that a robbery had just occurred. This report indicated that the suspects were two black men, traveling in a 1973 to 1975 brown Ford Torino, plate number 877-VVW. Around 3:35 P.M., Hague spotted a gold 1973 or 1974 Ford Torino traveling south on Route 434. He noticed that, although the vehicle was dirty, the plates were clean. Hague radioed an Officer Gary and proceeded to follow the vehicle. The vehicle made several traffic violations. After Hague and Gary gave chase, the driver lost control of the vehicle, which eventually became stuck in a snow bank. Three men emerged from the vehicle, at which point Hague placed them under arrest. The driver of the car was defendant. Upon their arrest, the suspects were handcuffed and placed in police cars. The police then made a brief search of the suspect vehicle and discovered a brown case, which they opened, and discovered a large amount of wrapped cash. Defendant was subsequently indicted on the charge of robbery in the second degree in violation of subdivision 1 of section 160.10 of the Penal Law. At trial, defendant asserted that he was unaware that his companions had robbed the bank. The jury found defendant guilty and this appeal ensued. Defendant initially contends that the money found in the car he was driving was not properly admitted into evidence because there did not exist probable cause to arrest him or the passengers of the automobile (see *People v Langen,* 60 NY2d 170). In our opinion, when the police, minutes after the robbery, spotted the vehicle which essentially matched the description of the getaway car, they possessed reasonable cause to stop the car and arrest the occupants, particularly where the car was being driven in a reckless manner. We find the discrepancies relied upon by defendant insufficient to eliminate probable cause in this case. The fact that the car contained three occupants, where the radio report had mentioned only two robbers, is not significant and hardly surprising since the third individual would likely have been used to drive the getaway car. The fact that there was confusion over whether the car was brown or gold is inconsequential since people could reasonably describe a gold car as a shade of brown. The only other discrepancy was the alleged fact that the stopped car had a license plate number that matched the reported number in only three of six digits. Defendant asserts that the actual license number was 871-UVM rather than the 877-VVM reported. Given the timing of events, such a discrepancy does not appear surprising. The simple fact is that the police stopped a car that substantially met the description of the getaway car. Defendant next contends that the trial court erred in permitting evidence indicating that he was present at a prior bank holdup in the City of Utica conducted by codefendant Rodney Porter. It is well established under the *Molineux* rule that the People may not introduce evidence of uncharged crimes to prove that a defendant was predisposed to commit a crime for which he is being tried (*People v Molineux,* 168 NY 264; see, also, *People v Beam,* 57 NY2d 241, 250). Among the exceptions to the *Molineux* rule, however, is proof relevant to a defendant's state of mind (*People v Lisk,* 76 AD2d 942, 943). It is not disputed that defendant's state of mind was at issue in this case. Accordingly, the trial court correctly permitted evidence of defendant's participation in a prior robbery to prove his state of mind (*id.*). Defendant next contends that the trial court erred in refusing his request to charge criminal facilitation in the fourth degree (Penal Law, § 115.00, subd 1)[*] as a lesser included offense of accomplice liability (Penal Law, § 20.00) for robbery in the second degree. To resolve this issue, we must apply the two-pronged test outlined by the Court of Appeals in *People v Glover* (57 NY2d 61), which instructs us that to demonstrate entitlement to a lesser included offense charge, the defendant must

---

[*] Defendant refers to criminal facilitation in the second degree; however, second degree facilitation has been denominated fourth degree, without change of penalty (L 1978, ch 422, § 10).

make two showings. First, it must be established that the additional offense that defendant wishes to have charged is a "lesser included offense". To satisfy this test, the defendant must demonstrate that the offense is of a lesser grade or degree and "that in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense" (*id.,* at p 63). If the defendant establishes the above, he must then show that there is a reasonable view of the evidence in the present case that would support a finding that he committed the lesser offense but not the greater (*id.*). Defendant has failed to satisfy the first prong of the *Glover* test. Criminal facilitation in the fourth degree is not a lesser included offense of accomplice liability, as it is possible to be liable for the conduct of another under section 20.00 of the Penal Law without being liable under subdivision 1 of section 115.00 of the Penal Law. In order to be liable under subdivision 1 of section 115.00, one must *actually aid* the person who commits a felony. Section 20.00, on the other hand, provides that: "When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he *solicits, requests, commands, importunes, or intentionally aids such person* to engage in such conduct" (emphasis added). It would be theoretically possible for a defendant, who solicits, requests, commands or importunes, to be guilty of a robbery under section 20.00 without aiding anyone in the commission of the crime. Cases such as *People v Green* (80 AD2d 693) and *People v Sanders* (45 AD2d 768), which indicate that the conduct proscribed by subdivision 1 of section 115.00 of the Penal Law is a lesser included offense when the defendant's conduct in the commission of the crimes is accessorial under section 20.00 of the Penal Law, were decided prior to the evolution of a new definition by the Court of Appeals as to what constitutes a lesser included offense under CPL 1.20 (subd 37) (see *People v Glover, supra*), and are, accordingly, not controlling. We have examined defendant's remaining arguments, contained in his *pro se* brief and in his counsel's brief, and find them to be without merit. The judgment should, therefore, be affirmed. Judgment affirmed. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Weiss, JJ., concur.