THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN A. TIMLIN, Appellant.

Third Department, March 8, 1984

APPEARANCES OF COUNSEL

*John L. Perticone* (*Leonard Kessler* of counsel), for appellant.

*Patrick H. Mathews, District Attorney* (*Rita Connerton* of counsel), for respondent.

OPINION OF THE COURT

MAIN, J.

Defendant was indicted for robbery in the second degree and, after a jury trial, was convicted as charged and sentenced to an indeterminate term of imprisonment of 3 to 9 years. Viewing the evidence in the light most favorable to the People because of the conviction (see *People v Kennedy,* 47 NY2d 196, 203), the record reveals that on December 18, 1981, one Vincent Caruso entered the Giant Food Store on Main Street in the City of Binghamton and displayed a note which threatened that he had a gun and that he would kill unless he was given money. It further indicates that, after Caruso was given about $2,500, he left the store and entered the passenger side of a car, which

was waiting for him in an alley a short distance away and which defendant was driving when stopped a few minutes later by police.

On this appeal, defendant contends that the evidence at trial was insufficient to establish his guilt of robbery in the second degree under subdivision 1 of section 160.10 of the Penal Law, which provides that "[a] person is guilty of robbery in the second degree when he forcibly steals property and when * * * [h]e is aided by another person actually present". Specifically, defendant argues that no evidence was presented to show that he was "actually present" at the time and place of the robbery, i.e., inside the Giant Food Store. We are not persuaded by defendant's argument. The facts, as found by the jury in convicting defendant, establish that defendant and Caruso acted as a team in the robbery of the Giant Food Store — defendant by driving the getaway car after keeping it ready and waiting and Caruso by entering the store and securing the money. Thus, the jury concluded that defendant, with the required mental culpability, intentionally aided Caruso in forcibly stealing money from the Giant Food Store (see Penal Law, §§ 20.00, 160.10). Furthermore, because it was was undisputed that Caruso was "actually present" in the store, thereby aiding defendant in the commission of the crime, defendant was accountable for the aggravating circumstance delineated in subdivision 1 of section 160.10 of the Penal Law. This latter conclusion is consistent with both section 20.15 of the Penal Law, which provides that a person who is liable for criminal conduct under section 20.00 of the Penal Law shall be guilty of the degree of the crime which is consistent with, *inter alia,* his own accountability for an aggravating factor or circumstance, and with the modern trend of law, which requires an aiding and abetting defendant to rise or fall on the evidence as against him and not on the case as against the principal (see, generally, Acquittal of Principal, or His Conviction of Lesser Degree of Offense, as Affecting Prosecution of Accessory, or Aider and Abettor, Ann., 9 ALR4th 972).

In this case, regardless of the crime for which Caruso might have been charged, defendant was charged with robbery in the second degree under subdivision 1 of section

160.10 of the Penal Law. Prior appellate decisions establish that for conviction under this subdivision there must be "(1) an 'accomplice' (2) who is 'actually present' and (3) 'aiding' the defendant" (*People v Williams,* 47 AD2d 262, 265; see, also, *People v Acevedo,* 40 NY2d 701, 706). As noted above, the jury clearly found that Caruso was an accomplice who was actually present and aiding defendant. Viewed in this way, the aggravating factor delineated in subdivision 1 of section 160.10 of the Penal Law was satisfied. Indeed, the Commission Staff Notes on the Proposed New York Penal Law make clear that a situation involving a group of bandits who commit a robbery using a car was meant to be included under robbery in the second degree by reason of the accomplice factor (see Commission Staff Notes for proposed art 165 [renum art 160], reprinted in 1982-1983 Gilbert Criminal Law and Procedure, p 2A-74). The fact that the group in this case consisted of only two does not require a different result in light of the Commission Staff's distinction between the use of a car in a solo robbery and such use in a group setting (*ibid.*); a robbery involving two perpetrators acting as a team is more akin to a group robbery than a solo robbery and should be subject to a more severe penalty. Thus, the situation presented in the instant case falls within the accomplice factor of subdivision 1 of section 160.10 of the Penal Law and defendant's conviction, because Caruso was "another person actually present", was supported in fact and in law.[*]

We also find without merit defendant's claim that his sentence requires modification. The sentence imposed is within the statutory limits and is less than the maximum. There is no indication that County Court abused its discretion in imposing the sentence and, consequently, there is no basis for modification (see, e.g., *People v Du Bray,* 76 AD2d 976, 977).

The judgment should be affirmed.

CASEY, J. (concurring). Although I disagree with the dissent and agree in result with the majority, I write

---

[*] We note that *People v Hampton* (92 AD2d 490), relied on by the dissent, is distinguishable in that interpretation of and reliance on section 20.00 of the Penal Law was not necessary to the decision therein.

separately because I cannot accept all of the legal propositions on which the majority opinion relies, or that the issues are as broad as the majority indicates. In my opinion, all that is required to support this conviction of robbery in the second degree under subdivision 1 of section 160.10 of the Penal Law is a finding that this defendant was a "principal" in the robbery committed by another (Caruso herein), and that defendant, acting as such principal, was aided therein by the actual presence of Caruso. This is what the trial court generally charged, with no exception taken thereto, and that is what the jury found as a question of fact. All other considerations aside, I see no reason to disturb that verdict, supported as it is in fact and in law. The facts reveal that this defendant drove the "getaway" car which, during the commission of the robbery, was parked with this defendant waiting in it only about 100 yards from the market that was robbed by Caruso. That defendant did not actually enter the premises with Caruso does not mean, in my view, that as a matter of law he was not actually present, as the dissent concludes; nor is the degree of the crime or the guilt of Caruso relevant to the issues of this case.

For the above reasons, I believe the judgment of conviction should be affirmed.

LEVINE, J. (dissenting). On the basis of the evidence at the trial, accurately described in the majority's decision, defendant could not have been convicted of any more serious offense than robbery in the third degree. First, since there is no dispute over the fact that defendant never entered the premises, but stayed outside in the car some 100 yards from the store while Vincent Caruso committed the robbery therein, defendant's conviction for robbery in the second degree could not have been based on *his* being "actually present" to aid Caruso. Construing the statutory language according to its "fair import" (Penal Law, § 5.00) and in the light of the purpose of the Penal Law "[t]o give fair warning of the nature of the conduct proscribed" (Penal Law, § 1.05, subd 2), the phrase "actually present" requires the accomplice to be physically present at the robbery. Further supportive of this construction is that when it was intended that accessorial conduct *not at the*

*actual crime scene* would raise the degree of the offense to second degree robbery, the Legislature was quite specific in describing it, i.e., when the perpetrator or "another participant in the crime" causes injury to a nonparticipant or displays what appears to be a weapon during the commission of the crime "or of immediate flight therefrom" (Penal Law, § 160.10, subd 2).

Apparently, the majority does not adopt any broader interpretation of "actually present". Instead, the majority relies on section 20.00 of the Penal Law to sustain the conviction, reasoning that, since the evidence indicated that defendant aided Caruso in the commission of the robbery and Caruso was "actually present", the elements of second degree robbery (Penal Law, § 160.10, subd 1) were established. In thus sustaining the conviction on the basis of Caruso's sole presence at the crime scene, the majority deviates from the theory upon which defendant was prosecuted (and which the majority apparently rejects), that he, as well as Caruso, was "actually present". The indictment charges defendant with forcibly stealing property "while being aided and abetted by another person, *both actually being present*" (emphasis added). The prosecution should be held to the theory of its indictment (cf. *People v Hampton,* 92 AD2d 490, 491).

Even more importantly than the foregoing inconsistency, the majority's rationale fails because it glosses over the specific crime the commission of which defendant aided and abetted and, in effect, holds defendant responsible for a crime that was never committed. Beyond the customary elements of robbery, subdivision 1 of section 160.10 of the Penal Law has as a necessary element that the perpetrator be aided by another person actually present (see 2 CJI [NY] PL 160.10 [1], pp 902-906). Thus, it seems self-evident that the commission of the crime of robbery in the second degree under that subdivision requires the actual presence of at least two persons at the scene of the crime, namely, (1) the actual perpetrator of the robbery and (2) a person aiding the perpetrator (see *People v Hampton, supra*). Since, concededly, defendant's criminal liability here is purely vicarious under section 20.00 of the Penal Law ("Criminal liability for conduct of another") and since

Caruso committed at most only the crime of robbery in the third degree because he alone was present, it follows that the maximum offense for which defendant may be convicted is robbery in the third degree.* I would, therefore, modify the judgment by reducing it to a conviction of the crime of robbery in the third degree.

MAHONEY, P. J., and YESAWICH, JR., J., concur with MAIN, J.; CASEY, J., concurs in an opinion; LEVINE, J., dissents and votes to modify in a separate opinion.

Judgment affirmed.

---

\* Of course, if there had been a third participant in the robbery who had been actually present with Caruso, then a robbery in the second degree would have been committed for which defendant could have been held responsible as the driver of the getaway car under section 20.00 of the Penal Law. It is submitted that this situation is what was described in the Commission Staff Notes, relied upon by the majority, in referring to a "group" (not a pair) of bandits who commit a robbery using a car (Commission Staff Notes for proposed art 165 [renum art 160], reprinted in 1982-1983 Gilbert Criminal Law and Procedure, p 2A-74).