■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES W. SHELBY, Appellant. — Levine, J. Appeal from a judgment of the County Court of Albany County (Clyne, J), rendered October 4, 1983, upon a verdict convicting defendant of five counts of the crime of criminal possession of a forged instrument in the second degree.

Defendant's conviction arose out of two indictments which were consolidated for trial. The first, dated March 30, 1983, charged defendant with two counts of second degree criminal possession of a forged instrument based on his having presented two forged checks to a teller at the Albany Savings Bank on March 7, 1983. The second indictment, dated July 21, 1983, charged defendant with three counts of second degree criminal possession of a forged instrument based on his involvement in a check-cashing scheme at a branch of the Northeast Savings Bank on March 24, 1983. Regarding this second indictment, trial testimony of two of defendant's four accomplices disclosed that defendant had driven the car which conveyed his accomplices to the bank. There, he presented two of them with forged checks to cash, and, upon their return from the bank, he received a share of the proceeds. Defendant thereafter drove with his accomplices to various destinations in the vicinity until they were pulled over and apprehended by the Colonie Town Police approximately one hour later. Following defendant's conviction of five counts of the crime of criminal possession of a forged instrument in the second degree, he was sentenced as a predicate felon to concurrent terms of 3½ to 7 years on each count, with the sentences imposed on each of the two indictments to run consecutively.

Defendant's principal contention on this appeal is that the People failed to produce sufficient evidence to corroborate his

accomplices' testimony regarding his involvement in the check-cashing scheme which led to the indictment of July 21, 1983. We cannot agree. By statute, a defendant may not be convicted solely upon accomplice testimony. It must be corroborated by evidence "tending to connect the defendant with the commission of such offense" (CPL 60.22 [1]). It is well established, however, that this corroborative evidence need not itself prove that the defendant committed the crime (*People v Glasper,* 52 NY2d 970, 971; *People v Cunningham,* 48 NY2d 938, 940). It is sufficient if the corroborating testimony connects the defendant with the crime in such a way that the jury may be reasonably satisfied that the accomplices' testimony is truthful (*People v Daniels,* 37 NY2d 624, 630).

In the instant matter, the People presented, *inter alia,* the testimony of three Colonie Police officers to corroborate the testimony of the accomplices that defendant drove them to the bank, gave them the forged checks to cash and received a share of the resulting proceeds. The officers testified that the car in which defendant and the accomplices were traveling on the day of the incidents in question was identified at the scene by bank employees as a maroon and black Oldsmobile station wagon, bearing New York license plate number 9430 ALL, which left the bank at approximately 4:00 P.M. Within an hour, the officers, who had received this description by radio dispatch, stopped a vehicle exactly matching this description only a few miles from the bank. They then arrested the occupants, including defendant, who was driving the two testifying accomplices and two other occupants. Upon a subsequent search of the vehicle, an envelope was found containing a quantity of stolen blank checks. This evidence cumulatively was sufficient to connect defendant with the crimes charged and to satisfy the jury that the accomplice testimony was truthful (*see, People v Daniels, supra,* pp 629-630; *People v Van Skiver,* 111 AD2d 1032 [decided herewith]; *People v Seymour,* 97 AD2d 907).

Defendant's remaining arguments are similarly unavailing. Most notably, he contends that the trial court abused its discretion by granting the People's motion to consolidate the two indictments for trial (*see,* CPL 200.20). He argues that the eyewitness testimony of the bank teller which formed the basis of the first indictment and the accomplice testimony which formed the basis of the second indictment were both shaky standing alone, but that their cumulative impact was enough to unduly prejudice the jury in favor of conviction. Contrary to defendant's characterization, the testimony referred to was both strong and reliable, with the result that separate trials of the

two indictments would undoubtedly have led to the same result as that arrived at by the single jury here. Moreover, defendant's active participation in the first forged check transaction would have been admissible to prove his state of mind as driver of the getaway car in any separate trial of the second transaction (*People v Lisk,* 76 AD2d 942, 943). Accordingly, it cannot be said that defendant was unduly prejudiced by the consolidation (*cf. People v Shapiro,* 50 NY2d 747).

We are also unpersuaded by defendant's contention that his sentence was harsh and excessive. Defendant is a self-confessed "con man", whose record reveals 48 arrests incurred in the course of a criminal past which dates back 40 years. Given this record, it cannot be said that the sentencing court abused its discretion.

We have examined defendant's remaining arguments and find them to be without merit.

Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.