■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBIN PALMER, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered October 26, 1983, upon a verdict convicting defendant of the crimes of attempted robbery in the first degree (two counts) and criminal possession of a weapon in the third degree (one count).

Defendant was indicted and charged with two counts of attempted robbery in the first degree and one count of criminal possession of a weapon in the third degree based on an incident wherein she and three other individuals were alleged to have attempted to rob a gas station attendant at gunpoint. Defendant was found guilty as charged after a jury trial and was sentenced as a predicate felon to concurrent indeterminate terms of imprisonment, the longest of which was 7½ to 15 years. Defendant now appeals.

Initially, we reject defendant's claim that she was denied a speedy trial. Defendant was indicted on July 22, 1982 and the trial commenced in August of 1983, well beyond the six-month period set forth in CPL 30.30 (1) (a). However, the People served a notice that they were ready for trial on July 23,

1982, the day after the indictment was handed up. In November, defendant sought an adjournment of a pretrial hearing. Finally, in February of 1983, defendant sought an adjournment in order to obtain the trial transcript of one of her codefendants. County Court indicated to defendant that such transcript would probably not be available until May. County Court also specifically advised defendant of the speedy trial rights she was waiving. It is clear that any delay of the trial was attributable solely to defendant. Therefore, neither her statutory speedy trial rights (CPL 30.20, 30.30) nor her constitutional speedy trial rights (US Const 6th and 14th Amends) were violated.

We also find that County Court properly denied defendant's motion to suppress evidence seized as a result of the warrantless search of the automobile which defendant was driving during the attempted robbery and later when she was arrested. Records of the Department of Motor Vehicles indicated that the owner of the automobile was one Richard Rice. Rice executed a written consent for the police to search the automobile. At the suppression hearing, defendant introduced evidence tending to establish that her mother, and not Rice, was the owner of the vehicle at the time of the search, such that Rice's consent was ineffectual. The Court of Appeals has held that, where the police rely in good faith on the apparent capability of an individual to consent to a search and the circumstances reasonably indicate that the individual has the authority to give consent, the evidence obtained as a result of such a warrantless search should not be suppressed (*People v Adams*, 53 NY2d 1, 9, *cert denied* 454 US 854). In this case, Rice was the registered owner of the automobile and told the police that he owned the vehicle. Although defendant's mother claimed that she told the police that the automobile was hers, she admitted that she voiced no objection when Rice stated that he was the owner. We find that it was reasonable for the police to believe that Rice had the authority to consent to a search and, therefore, the evidence was properly not suppressed.

Defendant alleges as error County Court's denial of her request to charge fourth degree criminal facilitation (Penal Law § 115.00 [1]) as a lesser included offense of attempted robbery in the first degree. Defendant was prosecuted for attempted robbery on the theory that she was an accomplice (Penal Law § 20.00), since it was one of her codefendants who actually tried to rob the gas station attendant. This court has held that criminal facilitation in the fourth degree is not a

lesser included offense of accomplice liability since it is theoretically possible to be liable for the conduct of another under Penal Law § 20.00 without being guilty of criminal facilitation *(People v Chavis,* 99 AD2d 584, 586). Therefore, County Court properly refused defendant's request to charge.

We have considered the other contentions advanced by defendant and find them without merit.

Judgment affirmed. Mahoney, P. J., Kane, Main, Levine and Harvey, JJ., concur.