■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL DIAZ, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Hayes, J.),

both rendered May 26, 1982, convicting him of robbery in the first degree, robbery in the second degree, and burglary in the first degree under indictment No. 4160/81, and robbery in the first degree (two counts), robbery in the second degree (two counts), rape in the first degree, sodomy in he first degree (three counts), and criminal possession of stolen property in the third degree, under indictment No. 4161/81, upon jury verdicts, and imposing sentences.

Judgments affirmed.

We reject the defendant's contention that the joinder of several counts of two separate indictments for trial was improper. The evidence before the court clearly established that proof of the first set of offenses would be material and admissible as evidence-in-chief upon the trial of the second set of offenses (see, CPL 200.20 [2] [b]). Hence, the court did not abuse its discretion in ordering the joinder of said counts for trial (see, e.g., People v Lane, 56 NY2d 1; People v Bongarzone, 116 AD2d 164; People v Shelby, 111 AD2d 1038; People v Simpkins, 110 AD2d 790).

Similarly unavailing is the defendant's argument that certain trial testimony by one of the complainants included a reference to prejudicial evidence of an uncharged crime committed by the defendant. The record reveals that the challenged remark was part of the complainant's narrative description of the offense and was probative of the defendant's actions and movements through the house which he burglarized (see generally, People v Vails, 43 NY2d 364; People v Gines, 36 NY2d 932; People v Gantz, 104 AD2d 692). Moreover, any potential prejudice which could have arisen from this testimony was minimized by the trial court's specific curative instruction, to which defense counsel consented (see, People v Santiago, 52 NY2d 865; People v Lee, 118 AD2d 593; People v Burnell, 112 AD2d 1089; People v Lovejoy, 105 AD2d 807).

We have considered the defendant's remaining contentions and find them to be without merit. Lazer, J. P., Thompson, Lawrence and Eiber, JJ., concur.