■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

STANLEY HEDGEMAN, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Rotker, J.), both rendered August 2, 1982, convicting him of robbery in the second degree under indictment No. 1952/81, upon a jury verdict, and convicting him of robbery in the third degree, under indictment No. 2028/81, upon his plea of guilty, and imposing sentence.

Judgments affirmed.

The defendant was indicted under indictment No. 1952/81 for robbery in the first and second degrees, for a July 3, 1981 robbery which occurred at a branch of the Manufacturer's Hanover Bank at the intersection of Jamaica Avenue and Hollis Court Boulevard in Queens. An employee testified that the defendant left the bank premises after taking approximately $200 and stepped into the passenger's side of a poorly painted, light blue automobile which had either a black vinyl or convertible top, a plastic rear window, and a bent license plate. The automobile was then driven off by an accomplice in the direction of Hillside Avenue. On July 14, 1981, the automobile and its passenger were seen at the Republic National Bank at Hillside and Braddock Avenues in Queens by a bank employee who had apparently received notification of the earlier robbery. Police officers were summoned to the Republic National Bank and the defendant and the automobile's driver were apprehended after they fled in the automobile. Later that day, the defendant admitted his involvement in the July 3, 1981 robbery, and implicated the driver as his accomplice.

At the conclusion of the People's case, the court granted the defendant's motion to dismiss the charge of robbery in the first degree, but submitted the charge of robbery in the second degree to the jury under the theory that the defendant forcibly stole property "aided by another person actually present" (Penal Law § 160.10 [1]).

The defendant contends that he was not properly convicted of robbery in the second degree because his accomplice was not "actually present" within the bank premises when the robbery occurred. He contends that his accomplice's "constructive" presence on the street outside was insufficient to meet the statutory requirement that he be aided by another person "actually present".

We decline to read the statute so narrowly. Historically, a distinction between actual and constructive presence was recognized (see, McCarney v People, 83 NY 408, 413). But more recent history suggests an elimination of such a distinction in

Penal Law § 160.10 (1). The Commission Staff Notes on the Proposed Penal Law indicate that a robbery involving use of an automobile by two or more persons was intended to be included under robbery in the second degree by virtue of the presence of an accomplice (Commission Staff Notes for proposed Penal Law art 165 [renum 160], reprinted in 1982-1983 Gilbert Criminal Law and Procedure, at 2A-74).

Since the defendant's accomplice was shown to be parked approximately 15 feet from the bank at the time of the robbery, we conclude that he could be considered to be a person "actually present" to aid the defendant (see, People v Timlin, 99 AD2d 296, 298-299, lv denied 62 NY2d 992). Under the circumstances, the court's instructions to the jury which defined the elements of robbery in the second degree and explained the nature of accomplice liability were adequate.

The defendant's contention that his postarrest statements were entitled to suppression as the product of an illegal arrest is without merit. The police had probable cause to make the arrest for the July 3, 1981 robbery based upon the unique appearance of the getaway car, and its occupants' flight from the authorities at the time of the arrest (People v Chavis, 99 AD2d 584).

We have considered the appellant's other contentions and find them to be without merit. Mangano, J. P., Rubin and Lawrence, JJ., concur.

Brown, J., concurs in part and dissents in part and votes to modify the judgment rendered on indictment No. 1952/81 by reducing the conviction of robbery in the second degree thereunder to one of robbery in the third degree, to affirm that judgment as so modified, and to affirm the judgment rendered on indictment No. 2028/81, with the following memorandum:

The defendant was convicted of the crime of robbery in the second degree under indictment No. 1952/81 which charged him, inter alia, with the commission of a robbery while aided by another person actually present. The charges arose out of a bank robbery committed on July 3, 1981. The uncontradicted testimony of the bank teller revealed that a man whom the teller later identified as the defendant approached her window, told her that he had a bomb, and demanded money. She thereupon gave him approximately $200 and he left the bank. After pressing a silent alarm, the teller and the bank manager immediately ran outside where they saw the defendant enter the passenger side of a car parked about 15 feet from the bank. The teller was unable to see the driver of the car.

After the defendant rested, he moved, *inter alia,* to dismiss that count of the indictment which charged him with robbery in the second degree on the ground that the People had failed to establish that he was· aided by another person actually present. Criminal Term denied the motion and the jury ultimately convicted the defendant of that offense. The defendant argues on this appeal that because the evidence indicated that the only other person involved in the robbery was the driver of the car, who apparently remained outside the bank throughout the robbery, the People failed to satisfy their burden of establishing that the defendant was aided by another person actually present. I agree and would, accordingly, reduce the defendant's conviction under indictment No. 1952/81 to one of robbery in the third degree.

Under the construction of Penal Law § 160.10 (1) proffered by the People and accepted by both the trial court and the majority, the requirement of actual presence of another person is satisfied by the presence of the driver of a getaway car outside of the bank premises. In my view, this construction ignores the plain meaning and fair import of the term "actually present" contained in the statute (Penal Law § 5.00) and departs from the rule that penal statutes are to be strictly construed in favor of the accused (McKinney's Cons Laws of NY, Book 1, Statutes § 271). Moreover, I submit that an examination of the legislative history of Penal Law § 160.10 supports the conclusion that the term "aided by another person actually present" was not intended to encompass an accomplice to the crime of robbery who is waiting in a car outside the premises where the robbery occurs.

At common law a person could be held directly responsible for a criminal act if he was either a principal in the first degree (i.e., an individual who personally engaged in the criminal act with the requisite mental state) or a principal in the second degree (i.e., an individual who, with the requisite mental state, aided the principal in the first degree and was present at the time the crime was committed). If an individual was not present at the time the crime was committed but procured or aided its commission beforehand, he could be charged as an accessory but not as a principal. In order to treat someone as a principal in the second degree, presence at the scene could be established either actually or constructively *(see, McCarney v People,* 83 NY 408, 413; LaFave and Scott, Criminal Law § 63, at 497-498 [1972]; 21 Am Jur 2d, Criminal Law, § 169).

With the adoption of the Penal Code of 1881 (L 1881, ch

676), the common-law distinctions between principals in the first and second degrees and accessories before the fact were eliminated for purposes of holding someone responsible as a principal for criminal acts *(People v Bliven,* 112 NY 79). Presence or absence at the scene, whether actual or constructive, became irrelevant and the definition of a "principal" read as follows: "A person concerned in the commission of a crime, whether he directly commits the act constituting the offense or aids and abets in its commission, and whether present or absent, and a person who directly or indirectly counsels, commands, induces or procures another to commit a crime, is a principal" (Penal Code of 1881 [L 1881, ch 676] § 29). At the same time, a definition of robbery in the first degree was adopted which provided in part that a robbery constituted the crime of robbery in the first degree "when committed by a person * * * [b]eing aided by an accomplice actually present" (Penal Code of 1881 [L 1881, ch 676] § 228 [2]). This definition of robbery in the first degree with the aggravating factor of "[b]eing aided by an accomplice actually present" was carried over into Penal Law of 1909 (L 1909, ch 88) § 2124 (2).

As pointed out in the Commission Staff Notes on the revised Penal Law (1982-1983 Gilbert Criminal Law and Procedure, at 2A-74), the present crime of robbery in the second degree, where the defendant commits the robbery with the aid of another person actually present (Penal Law § 160.10 [1]), derives from former Penal Law § 2124, which defined the crime of robbery in the first degree by reference to four aggravating factors, the presence of any of which raised the crime above robbery in the second degree (former Penal Law § 2126). Those four aggravating factors were: (1) being armed with a dangerous weapon, (2) being aided by an accomplice actually present, (3) use of an automobile, and (4) infliction of grievous bodily harm (former Penal Law § 2124). When the Penal Law was revised in 1965 (L 1965, ch 1030), the Legislature deleted the former robbery in the third degree provision (former Penal Law § 2128) and replaced it with the former robbery in the second degree provision (former Penal Law § 2126), thus making robbery in the third degree the basic crime of robbery without any aggravating factors. At the same time, the Legislature revised the former crime of robbery in the first degree provision (former Penal Law § 2124) by, *inter alia,* deleting two of the aggravating factors from that offense —being aided by an accomplice actually present and the use of an automobile—while retaining the two more serious aggra-

vating factors, i.e., being armed with a dangerous weapon and causing serious physical injury (Penal Law § 160.15). While the aggravating factor of the use of an automobile was dropped entirely from the statutory scheme, the other factor, being aided by another person actually present, was made a basis for the new robbery in the second degree (Penal Law § 160.10).

In the Commission Staff Notes, the commentators explain the deletion of the aggravating factors of use of an automobile and being aided by another person actually present from the crime of robbery in the first degree by noting that accomplice assistance was a less serious factor and was retained as a factor in the second degree crime, and by further noting with regard to the use of an automobile that such use "in a solo robbery does not appear as a highly significant item; and if it be regarded as such in a setting involving a group of bandits, the robbery is in any event raised to the second degree by virtue of the accomplice factor" (Commission Staff Notes for proposed Penal Law art 165 [renum 160], reprinted in 1982-1983 Gilbert Criminal Law and Procedure, at 2A-74). While arguably these comments might tend to support the position of the majority, they do not specifically address the question of who is an accomplice actually present. As pointed out, however if one traces the history of the statute back to the time of the adoption of the Penal Code of 1881, it can be seen that the term "actually present" had a distinct meaning under the common law for purposes of establishing criminal liability. The adoption of this term by the Legislature for the purpose of defining criminal liability for robbery in the first degree, at the same time that it eliminated the common-law distinctions between principals in the first and second degrees and accessories before the fact and the attendant requirement of presence at the scene for criminal responsibility in general, leads me to believe that with regard to this particular degree of this particular crime the Legislature intended to maintain a distinction. That distinction is between a person who commits a robbery aided by an accomplice who is actually present and a person who commits a robbery aided by an accomplice who is either constructively present or has solicited, requested, commanded, importuned or otherwise intentionally aided the commission of the crime (see, Penal Law § 20.00). The situation at bar presents, in my view, a case of a person being aided by an accomplice who is constructively present, i.e., the driver of the getaway car who never entered the bank where the robbery took place (see, LaFave and Scott, Criminal Law § 63, at 497-498).

There is no question but that the evidence at bar would be sufficient to sustain a conviction of the unnamed driver of the getaway car as an accomplice who was fully responsible for the crime to the same degree as the defendant (Penal Law § 20.00; *People v Jackson,* 44 NY2d 935). He is not, however, an accomplice who was actually present. The purpose of making the actual presence of another perpetrator an aggravating factor of the crime of robbery rests, in my view, upon the concern for the added possibility of physical harm or the perceived threat of such harm by a robbery victim who finds himself confronted with more than one person. That concern simply does not exist in a situation such as at bar, where the only other accomplice is outside the premises where the robbery is taking place.

The Third Department case of *People v Timlin* (99 AD2d 296, *lv denied* 62 NY2d 992), upon which the People rely, though factually similar, is distinguishable. In that case, it was the defendant who was the driver of the getaway car, while the accomplice was the one who entered a grocery store and committed a robbery. But more significantly, I cannot accept the reasoning of the majority in *Timlin,* which found that since it was undisputed that the defendant driver was an accomplice to the crime and that he was aided in the commission of the crime by the individual who was actually present in the grocery store, he could be found guilty of robbery in the second degree. The flaw in this reasoning, as aptly pointed out by Justice Levine in his dissenting memorandum in that case, is that as an accomplice, a defendant can only be found guilty of the degree of the offense of which the individual in the store was guilty. Since that individual was not aided by another person actually present, he can only be guilty of robbery in the third degree, and consequently that was the highest degree of the offense of which the defendant could be convicted. More importantly, though, as Justice Levine found in *Timlin* and as I conclude in the instant case, to construe the term "another person actually present" (Penal Law § 160.10 [1]) to encompass an accomplice who remains in a car outside the premises throughout the commission of the robbery is to ignore the fair import of the statutory language (Penal Law § 5.00).

Under the circumstances, I would reduce the defendant's conviction under indictment No. 1952/81 to one of robbery in the third degree.