■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CARTER, Appellant.—Harvey, J.

On September 25, 1983, defendant and two accomplices allegedly cashed a forged check at the P & C Food Market on Comrie Avenue in the City of Johnstown, Fulton County. The check was from the payroll account of Johnstown Livestock Sales, Inc. (Johnstown Livestock) and made payable to Paul Hansen. The person cashing the check had a driver's license bearing the name of Paul Hansen. A subsequent investigation revealed that Hansen had never worked for Johnstown Livestock. However, defendant knew Hansen, having met him in 1983 when he rented a room from Hansen's mother. Further, defendant had worked for Johnstown Livestock in 1983 and was familiar with their payroll system. Defendant was subsequently indicted for criminal possession of a forged instrument in the second degree and petit larceny stemming from the check-cashing incident. At the ensuing trial, defendant's two accomplices testified and the jury found him guilty of the charged crimes.

Defendant contends that the accomplice testimony was not adequately corroborated. Corroborative evidence is sufficient if it is from an independent source and tends to connect defendant with the crime so as to reasonably satisfy the jury that the accomplice testimony is true (*People v Moses*, 63 NY2d 299, 306). Here, it was established that the forged instrument was from a place where defendant had worked. The forged signature on the check was the name of an individual defendant knew at Johnstown Livestock. The name of the payee on the check, Paul Hansen, was an individual who had never been employed at Johnson Livestock, but was known to defendant. Defendant also had access to information from which he could have obtained the duplicate driver's license in the name of Paul Hansen which was used in the crime. Although trial evidence established that such a duplicate had been issued by the Department of Motor Vehicles, Hansen testified that he never applied for a duplicate license. Additionally, defendant testified that he was present at the crime scene at the time of the crime. While defendant's presence at the crime scene may not be sufficient corroboration by itself (*see, People v Lanza*, 83 AD2d 714, *revd on dissenting opn below* 57 NY2d 807) and the other evidence standing alone may have neutral explanations, together they so harmonize with the accomplice testimony as to provide a sufficient nexus between defendant and the crime

*(see, People v Dory,* 59 NY2d 121, 129; *People v Barnes,* 99 AD2d 877, 878).

Defendant's further contention that the prosecution failed to present evidence that defendant was in possession of the check and thus did not establish a prima facie case is without merit. Once independent evidence is submitted tending to connect a defendant to the crime, accomplice testimony may be used to prove the elements of the crime *(People v Hudson,* 51 NY2d 233, 238; *People v Shelby,* 111 AD2d 1038, 1039). One of defendant's accomplices testified that defendant had possession of the check and that he filled in the fraudulent information before giving it to the other accomplice. Hence, the element of possession was adequately established.

Defendant's final argument, that he was denied effective assistance of counsel, has been considered and found to be devoid of merit.

Judgment affirmed. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.