■ In the Matter of HOWARD ALLEN et al., Appellants, v JUAN U. ORTIZ, as Personnel Director of the City of New York, et al., Respondents.—Order and judgment (one paper) of the Supreme Court, New York County (Arthur E. Blyn, J.), entered January 28, 1987, which, in a CPLR article 78 proceeding brought to challenge certain key answers on a civil service examination for promotion to sergeant in the New York City Police Department, denied, inter alia, the petition to the extent to which it sought a determination that alternative answers be credited for some 13 questions, unanimously modified, on the law, without costs, to the extent of directing that the proposed answer (D) be accepted as an alternative correct response to question No. 72, and otherwise affirmed.

This is an article 78 proceeding brought to challenge certain key answers on civil service examination 2548, administered in June 1983, for promotion to sergeant in the New York City Police Department. Petitioners requested, inter alia, that their alternative answers be credited for certain questions on the technical knowledge portion of the examination. This appeal by petitioners is from so much of an order and judgment of the Supreme Court that denied the petition with regard to some 13 questions. We agree with the I.A.S. court's determination for the reasons set forth in the court's comprehensive and thoughtful opinion with respect to all of the disputed questions except question No. 72.

That question described a situation in which two individuals agreed to rob a pharmacist, waited for him to close his pharmacy, and followed him as he headed for the bank. One stopped a block away from the bank to act as a lookout while the other intercepted the victim, knocked him down, and started to run away with the money, when he was apprehended by an officer. The accomplice was thereafter arrested on the basis of information given by the first apprehended individual. As relevant to the issue presented by the petition, the question is whether the participants in the robbery should be charged with "(B) robbery third degree", or "(D) robbery second degree". The key answer was robbery in the third degree.

The question turns on the possible application of Penal Law § 160.10 which provides that

"A person is guilty of robbery in the second degree when he forcibly steals property and when:

"1. He is aided by another person actually present".

The question presented on the examination is quite close to that addressed in *People v Hedgeman* (123 AD2d 445, *mod* 70 NY2d 533). The issue in *Hedgeman* was whether the driver of a getaway car parked some 15 feet from the entrance to a bank in which the arrested defendant was committing a robbery was "another person actually present". By a 5 to 2 vote, the Court of Appeals held that the driver was not "actually present" within the meaning of Penal Law § 160.10 (1), thereby reversing the contrary view taken by a majority of the Appellate Division, Second Department.

The standard to be applied to a challenge of the kind presented by the petitioners is whether or not the challenger has established that "the answer given by the candidate on the test is better or at least as good as the key answer" *(Matter of Acosta v Lang,* 13 NY2d 1079, 1981). No doubt it may be argued that the answer urged by petitioners is necessarily not as good as the key answer since it is contrary to a later determination by a majority of the Court of Appeals. It may also be urged that the facts involving an accomplice acting as a lookout "a block away" from the robbery are somewhat less persuasive for finding an accomplice "actually present" than a situation in which the accomplice is in a getaway car parked some 15 feet away from the site of the robbery. However, it is significant that in *People v Timlin* (99 AD2d 296 [1984], *lv denied* 62 NY2d 992), the Appellate Division, Third Department, held that the driver of a getaway

car parked 100 yards away from the store where the robbery was committed by another, was "actually present" at the scene of the crime, and the driver's conviction of robbery in the second degree was affirmed on that basis.

Realistically, the facts in question No. 72 present an issue very close to those presented in *People v Timlin (supra)* and *People v Hedgeman (supra)* and it seems to us fundamentally unfair to deny credit for an answer essentially in accord with the views reached several years thereafter by a majority in two separate Appellate Division cases, and two Judges of the Court of Appeals, after appellate presentations and an exhaustive study of the issue. Concur—Sandler, J. P., Ross, Asch, Milonas and Rosenberger, JJ.