■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT ALVAREZ, Also Known as VINCENTE ALVAREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cohen, J.), rendered March 3, 1986, convicting him of rape in the first degree, sodomy in the first degree (three counts), sexual abuse in the first degree (four counts), robbery in the second degree (two counts), burglary in the first degree (two counts) and assault in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgment is affirmed.

The defendant alleges that he was prejudiced by a delay in turning over certain *Rosario* material before cross-examination of a witness at the *Wade* hearing. When he received the statements after the hearing but before trial, the defendant did not seek to reopen the hearing to further cross-examine the witness. By failing to request the reopening of the hearing, the defendant has failed to preserve the claimed error for appellate review.

We further find that the trial court properly denied the defendant's motion for separate trials of the two criminal incidents included in the indictment. This case involved two sexual assaults committed against two elderly women, close in time, in the same geographic area, with the same unique modus operandi. The two offenses were properly joined because they were of such a nature that proof of one "would be material and admissible as evidence in chief upon a trial" of the other (CPL 200.20 [2] [b]). Evidence of each offense was probative and admissible to prove the identity of the perpetrator of the other offense *(see, People v Beam,* 57 NY2d 241, 250-251; *People v Molineux,* 168 NY 264; *People v Clark,* 129 AD2d 724, 725; *People v Andrews,* 109 AD2d 939, 942). Accordingly, denial of the motion was proper *(see, People v Griffin,* 132 AD2d 569; *People v Diaz,* 122 AD2d 279, *lv denied* 68 NY2d 999).

Finally, the defendant's claim that his sentence is excessive is meritless *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Kunzeman, Spatt and Rosenblatt, JJ., concur.