■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS TAPLING, Appellant.—Judgment of the Supreme Court, Bronx County (Fred W. Eggert, J.), rendered February 13, 1987, convicting him, after a jury trial, of robbery in the first degree, and sentencing him to an indeterminate prison term of 3 to 9 years, is unanimously affirmed.

The court, at the suppression hearing, properly found that school safety officers who observed a car slowly circling in the school parking lot, surrounded by a noisy crowd of students attempting to prevent its movement and complaining of the theft of a gold chain by the car's passenger, had probable cause to detain the defendant (driver of the car), as well as his cohort (the only passenger), when the cohort dropped Marc Vaksanaj's (the victim's) gold chain while exiting the car

pursuant to the officer's order. The victim's subsequent identification of the defendant and his passenger as the robbers, in the school's dean's office, led to the lawful arrest of the two perpetrators. Clearly, the events observed by the officers were sufficient to support a reasonable belief that defendant acted in concert with his cohort to commit an offense, thereby justifying the temporary detention of the suspects pending prompt inquiry. *(See,* CPL 140.10; *People v Hicks,* 68 NY2d 234, 238; *see also, People v Chavis,* 99 AD2d 584.) Upon being lawfully arrested, defendant was searched and found to be in possession of another gold chain, bearing distinctive markings, which had been taken at gunpoint from complainant Lawrence Byrd the previous day.

The court, at the hearing, correctly concluded that complainant's Byrd's testimony of a "three minute", "face to face" encounter with the snatcher of his gold chain (identified as the defendant), in a "very very bright" sunlit school stairwell, provided an independent basis for Byrd's in-court identification of the defendant *(see generally, Manson v Brathwaite,* 432 US 98). Moreover, the hearing court also properly found nothing suggestive about the conduct or composition of the photo array viewed by the complainant. The minor discrepancies in apparent age between the individuals in the six photographs viewed together with the fact that, *inter alia,* three of the photographs had staple markings, did not impermissibly highlight or distinguish defendant's photograph in any way *(see, People v Hall,* 81 AD2d 644). Further, the fact that the complainant may have had an idea prior to the lineup that the man whose photo he had selected in the photo array might be in the lineup did not, in and of itself, render the lineup impermissibly suggestive. *(See, People v Wiredo,* 138 AD2d 652, 653.) Concur—Sullivan, J. P., Carro, Rosenberger, Kassal and Ellerin, JJ.