The defendant's remaining contentions, including the one raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Harwood, J. P., Balletta, Miller and O'Brien, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENRICK RICHARDSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Doolittle, J.), rendered January 12, 1987, convicting him of burglary in the second degree (six counts) and attempted burglary in the second degree, upon a jury verdict, and imposing sentence.

The appeal brings up for review the denial, after a hearing (Santagata, J.), of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to the police.

Ordered that the judgment is affirmed.

The evidence presented to the hearing court clearly demonstrated that the police had probable cause to arrest the defendant (CPL 140.10 [1] [b]). The investigating officers were provided with factual information concerning the defendant's possession of a stolen silver tea set and a large amount of assorted property which would lead a reasonable person possessing the officers' expertise to conclude that an offense had been committed and that the defendant was the perpetrator (*People v White,* 117 AD2d 127, 131; *cf., People v Dawkins,* 163 AD2d 322). Probable cause for a warrantless arrest may be provided, in whole or in part, through hearsay information (*People v Johnson,* 66 NY2d 398). The correlation between the information known to the police and that discovered through the informants' statements was sufficient to satisfy the officers of their reliability (*People v Crayon,* 139 AD2d 840; *People v Rodriguez,* 52 NY2d 483). The arresting officer who received this information in the field was entitled to presume that it was reliable (*People v Dodt,* 61 NY2d 408, 416).

The defendant's assertion that his pretrial motion to sever the charges against him was improperly denied is without merit. Consolidation of the charges pursuant to CPL 200.20 (2) (b) was proper (*see, People v Diaz,* 122 AD2d 279; *People v Lane,* 56 NY2d 1).

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt.

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Harwood, J. P., Balletta, Miller and O'Brien, JJ., concur.