■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CANNON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered March 8, 1989, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he is entitled to a de novo suppression hearing because of the People's delay in providing certain *Rosario* materials which he claims were crucial to effective cross-examination of Officer Finamore at the *Huntley* hearing. We disagree.

This is not a case where the People completely failed to deliver *Rosario* materials to defense counsel, in which circumstance the courts will not even attempt to determine whether any prejudice has accrued to the defense *(see, People v Ranghelle,* 69 NY2d 56, 63). It is instead a case where there has been merely a delay in providing the *Rosario* materials. Thus, there must be a showing that the defense was "substantially prejudiced" by the delay in order to trigger the defendant's right to a de novo suppression hearing *(see, People v Ranghelle, supra; cf., People v Martinez,* 71 NY2d 937, 940). In our view the defendant has failed to make an adequate showing of such prejudice.

The *Rosario* materials in question consist of a memorandum dated December 30, 1987, and accompanying documents submitted by Officer Finamore in support of a Request for Departmental Recognition. At the defendant's request, the memorandum of December 30 was produced for review by the court at the *Huntley* hearing. Finamore did not bring the accompanying documents to the hearing but testified that none of the documents contained any reference to statements attributed to the defendant. The court found there was nothing in the memorandum of December 30 that had a bearing on the statements taken from the defendant. However, the court indicated that it would reopen the hearing if the missing documents contained additional information bearing on the issues before the court.

The documents contain virtually the identical information that was available to defense counsel from other *Rosario* materials that had previously been turned over to him. Ac-

cordingly, we find no merit to the defendant's contention that his ability to cross-examine the witness was impaired by the People's delay in providing the *Rosario* materials in question.

More importantly, the documents were all turned over to defense counsel before the trial began, but no request was made to reopen the hearing. Thus, the instant case can be distinguished from *People v Goins* (73 NY2d 989), where the prosecution delayed turning over *Rosario* material until after the material was no longer of any value to the defense. By contrast, the defendant here could have requested that the hearing be reopened to afford him an opportunity to further cross-examine the witness. Since no such request was made, the defendant has failed to preserve the claimed error for appellate review *(see, People v Alvarez,* 150 AD2d 470).

Finally, we find the defendant's remaining contentions, all challenging the propriety of the court's charge to the jury, to be without merit, or unpreserved for appellate review. Bracken, J. P., Harwood, Miller and Ritter, JJ., concur.