■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFRED BUNBURY, Appellant. [630 NYS2d 784] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rutledge, J.), rendered June 6, 1990, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in submitting a verdict sheet which contained elements of the crimes to

the jury. This contention is unpreserved for appellate review, as at trial the defendant only objected to the failure to include additional elements on the verdict sheet, and not to the fact that certain elements of the crimes charged were included therein *(see, People v Martin,* 50 NY2d 1029; *People v Liccione,* 50 NY2d 850; *see also, People v Patterson,* 158 AD2d 557).

Also unpreserved for appellate review is the defendant's contention that he is entitled to a de novo suppression hearing due to the People's failure to turn over certain *Rosario* material until after the hearing had been completed *(see, People v Cannon,* 171 AD2d 752; *People v Alvarez,* 150 AD2d 470).

Finally, under the circumstances the trial court did not err in instructing the jury that the defendant's weapons possession cannot be included in the "home or place of business" exception provided by Penal Law § 265.02 (4) *(see, People v Maniscalco,* 198 AD2d 378; *see also, People v Powell,* 54 NY2d 524). Mangano, P. J., Thompson, Ritter and Florio, JJ., concur.