In the Matter of JOSHUA OO., a Person Alleged to be a Juvenile Delinquent, Appellant. THOMAS EMNET, as Tioga County Attorney, Respondent. [674 NYS2d 164] —Yesawich Jr., J. Appeal from an order of the Family Court of Tioga County (Squeglia, J.), entered July 7, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent and three other teenagers engaged in a rock throwing episode in the vicinity of an automobile body repair shop in the Town of Owego, Tioga County. In the course of this

activity, two cars were allegedly hit by rocks and damaged; the estimated cost of repairing one of the vehicles, a 1967 Buick with a cracked windshield, exceeded $400.

After an investigation, petitioner brought the instant proceeding to have respondent adjudicated a juvenile delinquent on the ground that his acts, if committed by an adult, would constitute two counts of criminal mischief in the fourth degree. A fact-finding hearing was held, at which two uninvolved adult witnesses, as well as the other three boys, identified respondent as one of the participants in the incident. In addition, one of the other participants—whose testimony the court particularly credited—testified that he had seen respondent throw a rock that struck the Buick on or near its windshield.

During the hearing, the parties placed on the record a stipulation that, *inter alia*, the damage to each vehicle exceeded $250. Found guilty of the charge relating to the Buick, respondent was adjudicated a juvenile delinquent and ultimately placed in the custody of the Tioga County Department of Social Services for 12 months. This appeal followed.

Respondent's assertion that the finding of delinquency was predicated solely on the uncorroborated testimony of his accomplices (which, if true, would compel a reversal [*see*, Family Ct Act § 343.2]) is meritless. One of petitioner's witnesses, who had been sitting on the steps of a nearby residence at the time of the incident, testified that he observed respondent ducking between the cars and throwing rocks along with the other teenagers. While this does not establish that respondent threw the rock that struck the Buick, corroborating evidence need not prove the commission of the crime (*see*, *People v Glasper*, 52 NY2d 970, 971; *People v Shelby*, 111 AD2d 1038, 1039, *lv denied* 66 NY2d 618), but must simply connect respondent to the criminal transaction "in such a way that the [factfinder] may be reasonably satisfied that the accomplice is telling the truth" (*People v Daniels*, 37 NY2d 624, 630). The bystander's testimony satisfies this requirement (*see*, *People v Hudson*, 51 NY2d 233, 240, n).

Respondent also contends that Family Court erred in refusing his request to set aside the parties' stipulation and to dismiss the petition because a necessary element of the crime—that the damage to the vehicle exceed $250 (*see*, Penal Law § 145.00 [3])—had not been proven. Though fully mindful that a stipulation such as this, whereby petitioner has essentially been relieved of its burden of proving a material element of a crime, must be carefully scrutinized (*see*, *People v Iucci*, 61

AD2d 1, 7-8), we are nevertheless of the view that respondent's argument must be rejected. The parties' stipulation as to the amount of damage sustained by the vehicles was based on a professional repair estimate, which explicitly detailed the parts (including a replacement windshield for the Buick, valued at over $300), labor and supplies necessary to fix the vehicles. There has been no conclusive showing that this estimate was actually erroneous, and hence that the resulting stipulation could be said to have been the product of a mutual mistake at the time it was entered into (see, *Hallock v State of New York*, 64 NY2d 224, 230; *French v Quinn*, 243 AD2d 792, 793, *lv dismissed* 91 NY2d 1002); nor is there any other basis for concluding that its enforcement would be patently unfair or contrary to public policy (see, *People v Iucci, supra*, at 7-8).

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, without costs.