■ In the Matter of MARK PP., a Juvenile Delinquent, Respondent. DELAWARE COUNTY ATTORNEY, Appellant. [721 NYS2d 156] —Carpinello, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered August 9, 2000, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 3, to, *inter alia*, find respondent in violation of his probation.

In June 1999, respondent was adjudicated a juvenile delinquent and placed on probation for one year, which included a condition that he not engage in "any illegal or inappropriate behavior." He was thereafter charged with violating this condition by breaking an elementary school window. Specifically, petitioner alleged that respondent committed an act which if committed by an adult would constitute the crime of criminal mischief in the fourth degree under Penal Law § 145.00 (3). At the probation violation hearing, two boys testified who were with respondent when he broke the window. According to these witnesses, respondent attempted to throw a rock on the roof of the school when it slipped and instead hit the window. Both unequivocally testified that respondent intended only to aim the rock at the roof and that others had done this very act on numerous occasions without incident. After pointing out that criminal mischief was the only "count" of the violation petition, Family Court dismissed it on the ground that the element of recklessness was not proven. Petitioner appeals.

Petitioner argues that Family Court erred in determining that "respondent's conduct was reasonable," a contention that is a mischaracterization of Family Court's decision. Family Court did not make a finding that respondent's conduct was reasonable; rather, it determined, upon the evidence before it at the hearing, that petitioner did not meet its burden of proving that respondent engaged in *reckless* conduct under Penal Law § 145.00 (3) and § 15.05 (3). Thus, contrary to petitioner's contention, the issue on appeal is not whether respondent's conduct in throwing a rock was "reasonable" or even wrongful. The issue is whether respondent's conduct was proven by

petitioner to be *criminal* and thus a violation of that aspect of his probation prohibiting him from engaging in illegal behavior. Said differently, while petitioner certainly could have charged that respondent engaged in "inappropriate behavior" while on probation by throwing a rock toward the roof of a building, accidently breaking a window and then failing to take responsibility for his actions, petitioner only charged him with violating probation by engaging in an act of criminal mischief. Limited, as we are, to reviewing whether petitioner established by a preponderance of the evidence this precise charge, we are constrained to affirm.

To be guilty of Penal Law § 145.00 (3) it must be established that one acted in a reckless fashion, thereby causing damage to the property of another in an amount exceeding $250 (*see generally, People v Lumpkin*, 173 AD2d 738). A person acts recklessly when he or she "is aware of and consciously disregards a substantial and unjustifiable risk that [a] result will occur" (Penal Law § 15.05 [3]). Moreover, "[t]he risk must be of such nature and degree that disregard thereof constitutes a *gross deviation* from the standard of conduct that a reasonable person would observe in the situation" (*id.* [emphasis supplied]). It is this latter standard that Family Court found lacking in the case. Photographs in the record and the testimony of the two boys who witnessed the incident together establish that the location of this particular building (next to a raised incline) made it easy for children to throw rocks and other objects onto its roof and that such activity was commonplace. Although certainly not condoning this practice, under these facts we must agree with Family Court's finding that petitioner failed to establish that respondent's conduct was a gross deviation (*cf., People v Maiorano*, 264 AD2d 448, *lv denied* 94 NY2d 825).

Petitioner's reliance on this Court's decision in *Matter of Joshua OO.* (251 AD2d 784) for the proposition that respondent's conduct constituted reckless mischief and therefore established a violation of his probation is misplaced. That case did not involve a single incident of an errant rock breaking a window on a building; rather, it involved a rock-throwing fight between boys using parked vehicles to shield themselves in the course of which some vehicles were damaged. Moreover, no challenge was made to the recklessness element of Penal Law § 145.00 (3). The only legal issues in that case concerned uncorroborated accomplice testimony and Family Court's acceptance of a stipulation to establish another material element of the crime, namely, that the vehicle's damage exceeded $250

(*see, Matter of Joshua OO., supra*). Thus, we are unpersuaded that this case mandates a reversal in the instant matter.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.